[Cite as *Doe v. Ohio State Univ.*, 2024-Ohio-565.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| JOHN DOE | Case No. 2023-00498PQ |
| Requester | Judge David E. Cain |
| v. | <u>DECISION AND ENTRY</u> |
| OHIO STATE UNIVERSITY | |
| Respondent | |

{¶1} In this public-records case, both Requester and Respondent filed objections to a Special Master's Report and Recommendation. Requester filed a response in opposition to Respondent's objections. The Court overrules all the objections and adopts the Special Master's Report and Recommendation for the reasons that follow.

### I.     Background

{¶2} Although Requester proceeds as John Doe, it is openly acknowledged that Requester is a ticket reseller. Between March 24, 2023 and July 3, 2023, Requester made several public records requests to Respondent Ohio State University (OSU) that—when combined—would provide Requester with a list of OSU's employees and donors to whom OSU sells season tickets for its football and basketball games, their physical and email addresses, phone numbers, and season ticket specifics: section, row, and seat identification. After OSU only provided partial, redacted records, Requester filed a public records complaint on July 25, 2023.

{¶3} The Court, through a Special Master, referred the matter to mediation. Mediation failed to resolve all the disputed issues between the parties. Pursuant to Civ.R. 12(B), OSU moved to dismiss Requester's Complaint on the grounds that the records in question were trade secrets, that portions of the records were protected by the Family Educational Rights and Privacy Act (FERPA), and that portions of the records were not

public records pursuant to *State ex re. Dispatch Printing Co. v. Johnson*, 106 Ohio St.3d 160, 2005-Ohio-4384, 883 N.E.2d 274.  After Requester filed a Reply to OSU's Motion to Dismiss, OSU filed a Reply in support of its Motion to Dismiss.  Requester then filed a Motion to Strike OSU's Reply, which included a request for sanctions and attorneys' fees.  Both parties submitted evidence in support of their arguments, and the Special Master conducted an in camera review of unredacted copies of the records in contention.

{¶4} On December 21, 2023, the Special Master issued a Report and Recommendation finding that the majority of the documents sought were public records.  The Special Master also concluded that the records were not protected from disclosure as trade secrets, but some information regarding students was protected from disclosure by FERPA.  Additionally, he concluded that the OSU identification number and the physical address for each ticketholder were not public records, but rather they were information that was kept merely for administrative convenience.  The Special Master recommended that OSU be ordered to produce unredacted copies of all records responsive to the public records requests except for certain pages and rows that contain student information.  The Special Master further recommended that OSU be permitted to redact information about ticketholders' OSU identification numbers and physical addresses.  The Special Master recommended that Requester's Motion to Strike OSU's Reply and the requests therein for sanctions and attorneys' fees be denied.  Lastly, the Special Master recommended that Requester recover his filing fee and costs in this case and that OSU bear the balance of the costs.

{¶5} Both Requester and OSU filed written objections to the Report and Recommendation.  Requester served its objections on OSU via certified mail, return receipt requested, as required by R.C. 2743.75(F)(2), but OSU only served its objections on Requester via email and the Court's e-filing system.  Requester filed a timely response to OSU's objections.  Additionally, on January 5, 2024, OSU filed a Motion for Leave to Amend its original Motion to Dismiss.  In response, Requester filed a Memorandum Contra OSU's Motion for Leave to Amend Motion to Dismiss, Motion to Strike said Motion for Leave, and Motion for Sanctions, to which OSU replied.

## II.    Law and Analysis

{¶6} The General Assembly has created an alternative means to resolve public-records disputes through the enactment of R.C. 2743.75. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 11. "[T]he General Assembly enacted R.C. 2743.75(A) 'to provide for an expeditious and economical procedure that attempts to resolve disputes alleging a denial of access to public records' in violation of R.C. 149.43(B)." *Id.* at ¶ 12, quoting R.C. 2743.75(A).

### A. Extraneous Filings

{¶7} As a preliminary matter, the Court must first discuss extraneous filings that exceeded the intended bounds of this expeditious and economical procedure.  In a proceeding before the Special Master pursuant to R.C. 2743.75, there is no discovery and filings are limited to those provided for in the statute or as otherwise ordered by the Special Master.  R.C. 2743.75(E).  After mediation failed to resolve all disputed issues, the Special Master ordered the parties to file all evidence in support of their arguments and ordered OSU to file unredacted copies of all responsive records by November 20, 2023.  (Nov. 3, 2023 Order Terminating Mediation.)  For briefing, the Special Master ordered OSU to file either or both a response and a motion to dismiss by December 1, 2023, and ordered Requester to file a reply by December 12, 2023.  (*Id.*)  Those were the only filings ordered by the Special Master and thus permitted by R.C. 2743.75(E).  As to objections, R.C. 2743.75(F)(2) permits each party to file objections to the Special Master's Report and Recommendation and, if the other party filed objections, a response thereto.

{¶8} In addition to these permitted filings, OSU filed a Reply in support of its Motion to Dismiss on December 12, 2023.  On the same day, Requester filed a Motion to Strike OSU's Reply and requested sanctions and attorneys' fees.  Proceedings under R.C. 2743.75 are special statutory proceedings, the procedure for which is established by the statute.  *Andes v. Ohio AG's Office,* Ct. of Cl. No. 2017-00144-PQ, 2017-Ohio-4251, adopted, May 31, 2017 (McGrath, J.).  Therefore, the civil rules do not apply "to the extent that they would by their nature be clearly inapplicable[.]"  Civ.R. 1(C); *see also* R.C. 2743.03(D).  When the Special Master issued a briefing schedule that did not provide for

a reply brief, that order superseded any other provision allowing for a reply brief. OSU's December 12, 2023 Reply was, therefore, a legal nullity. *See PNC Bank, N.A. v. J & J Slyman*, 8th Dist. Cuyahoga No. 101777, 2015-Ohio-2951, ¶ 20 ("Generally, where leave is required to file a pleading, and a party files its pleading without the requisite leave, a trial court may treat it as a legal nullity."). Accordingly, OSU's December 12, 2023 Reply will not be considered.

{¶9} Nevertheless, the Reply is not redundant, immaterial, impertinent, or scandalous. *See* Civ.R. 12(F). Nor does it obviously serve merely to harass, cause unnecessary delay, or needlessly increase the cost of litigation so as to be frivolous. *See* R.C. 2323.51(A)(2)(a)(i). Therefore, Requester's December 12, 2023 Motion to Strike, including the requests for sanctions and attorneys' fees, is DENIED.

{¶10} After the Special Master issued his Report and Recommendation, in addition to its objections, OSU filed a Motion for Leave to Amend its Motion to Dismiss that the Special Master had already considered in his Report and Recommendation. On January 17, 2023, Requester filed a combined Response to OSU's Motion for Leave and Motion to Strike it, again requesting sanctions and attorneys' fees. Although OSU asserts in its Motion for Leave that "[n]ew information has been uncovered" that makes it "necessary for Brett Scarbrough to clarify his prior affidavit[,]" OSU does not explain why it could not have uncovered the new information in time to submit with its original Motion to Dismiss. Furthermore, that does not justify why OSU seeks to submit the additional evidence with Scott Hainer's affidavit.

{¶11} Instead, it appears that OSU wants to retroactively re-tailor its arguments and the evidence submitted with its Motion to Dismiss in order to bolster its trade secrets argument and the evidence in support thereof, which the Special Master found to be insufficient in his Report and Recommendation. Such an amendment is contrary to the "expeditious and economical procedure" established in R.C. 2743.75. Moreover, when the Court is reviewing objections to a special master's report and recommendation, "R.C. 2743.75(F)(2) requires this court to function as a reviewing court for the purposes of determining the objections before it." *Gannett GP Media, Inc. v. Ohio Dept. of Pub. Safety*, Ct. of Cl. No. 2017-00051-PQ, 2017-Ohio-4248, ¶ 8. "'[A] reviewing court cannot

add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.'" *Id.*, quoting *State v. Ishmail*, 54 Ohio St.3d 402, 377 N.E.2d 500 (1978). Therefore, OSU's Motion for Leave to Amend its Motion to Dismiss is DENIED. However, seeking leave of Court does not amount to the conduct proscribed by Civ.R. 12(F) or R.C. 2323.51(A)(2)(a), as described above. Therefore, Requester's January 17, 2023 Motion to Strike OSU's Motion for Leave is also DENIED.

{¶12} On January 17, 2023, in addition to filing a Response to OSU's objections, Requester moved to strike the objections because OSU failed to comply with R.C. 2743.75(F), which required OSU to serve its objections upon Requester by certified mail, return receipt requested. Requester's Motion to Strike the objections is unpersuasive for two reasons. First, as discussed above, R.C. 2743.75 is intended to provide an expeditious and economical procedure, and there is no provision in R.C. 2743.75 that allows a party to move to strike another party's objections to a report and recommendation. Second, it "is a fundamental tenet of judicial review in Ohio that courts should decide cases on the merits." *De Hart v. Aetna Life Ins. Co.*, 69 Ohio St.2d 189, 192, 431 N.E.2d 644 (1982). Notwithstanding that R.C. 2743.75(F)(2) requires service of an objection by certified mail, return receipt requested, it appears that Requester received OSU's objections, as evidenced by Requester filing a Response thereto. Therefore, Requester was not prejudiced by OSU's failure to serve its objections via certified mail, return receipt requested. Accordingly, Requester's Motion to Strike OSU's Objections is DENIED. The Court will now consider the parties' objections.

## B. Standard

{¶13} Under Ohio law, a requester "must establish entitlement to relief in an action filed in the Court of Claims under R.C. 2743.75 by clear and convincing evidence." *Viola v. Cuyahoga Cty. Prosecutor's Office*, 8th Dist. Cuyahoga No. 110315, 2021-Ohio-4210, ¶ 16, citing *Hurt v. Liberty Twp.*, 2017-Ohio-7820, 97 N.E.3d 1153, ¶ 27-30 (5th Dist.). *See Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 32. It is the requester's burden to prove, by clear and convincing

evidence, that the requested records exist and are public records maintained by the respondent. *See State ex rel. Cordell v. Paden*, 156 Ohio St.3d 394, 2019-Ohio-1216, 128 N.E.3d 179, ¶ 8.

{¶14} A public-records custodian has the burden to establish the applicability of an exception to disclosure of a public record. *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, paragraph two of the syllabus. In *Jones-Kelley*, the Ohio Supreme Court held:

> Exceptions to disclosure under the Public Records Act, R.C.
> 149.43, are strictly construed against the public-records
> custodian, and the custodian has the burden to establish the
> applicability of an exception. A custodian does not meet this
> burden if it has not proven that the requested records fall
> squarely within the exception. (*State ex rel. Carr v. Akron,* 112
> Ohio St.3d 351, 2006 Ohio 6714, 859 N.E.2d 948, P 30,
> followed.)

*Id*.

### C. OSU's First Objection

{¶15} For its first objection, OSU states: "The Requester did not meet its 'clear and convincing' burden of proof to demonstrate that the requested Faculty and Staff cell phone numbers and email addresses are 'public' records, so the Special Master's Report and Recommendation should be overruled on this ground."

{¶16} OSU argues that the faculty and staff cell phone numbers and email addresses are not public records because that information was being maintained by OSU merely for administrative convenience. OSU cites *State ex rel. Dispatch Printing Co. v. Johnson*, 106 Ohio St.3d 160, 2005-Ohio-4384, 833 N.E.2d 274. In *Dispatch Printing*, the Ohio Supreme Court decided that the home addresses of state employees were not public records—despite being contained in many public records—because the evidence submitted did not establish that the addresses "'document the organization, functions, policies, decisions, procedures, operations, or other activities' of the state agencies within

the meaning of R.C. 149.011(G)." *Dispatch Printing* at ¶ 25, quoting R.C. 149.011(G). Instead, the "home addresses represent contact information used as a matter of administrative convenience." *Dispatch Printing* at ¶ 25.

{¶17} However, in this case, OSU does not maintain the faculty and staff's information because they are its employees, but rather because OSU has entered into a financial transaction with them. These financial transactions, combined with the other tickets OSU sells, contribute to "substantial revenues, which are in turn used to provide athletic scholarships for its student-athletes." (Scarbrough Aff., ¶ 16.)[1] "This ticket revenue supports one of the core missions of the University, providing a first-class education and financial assistance to students when possible." (*Id.*) Therefore, the faculty and staff cell phone numbers and email addresses are not merely kept for administrative convenience.

{¶18} OSU also argues that the tickets are licenses to use the seats, not contracts. In *Education Association*, a common pleas court concluded, based on *Dispatch Printing*, that the personal contact information of licensees was not a record for public record purposes. *Ohio Edn. Assn. v. Ohio State Dept. of Edn.*, Franklin C.P. No. 09CVH-17023, 2010 Ohio Misc. LEXIS 22538, 6-7. However, the Court finds that the financial transaction of buying a ticket is more similar to a contract than it is to the administrative licensing scheme in *Education Association*. A one-time license to use a seat is closer to a financial transaction than a license permitting a teacher to teach children in the state. Therefore, the Court is not persuaded by OSU's argument.

{¶19} This case is more similar to *State ex rel. Harper v. Muskingum Watershed Conservancy District*, 5th Dist. Tuscarawas No. 2013 AP 06 0024, 2014-Ohio-1122. In *Harper*, the Fifth District Court of Appeals declined to expand *Dispatch Printing* to shield the addresses of people leasing property from the respondent conservancy district. The Fifth District specifically noted that the Ohio Supreme Court stated in *Dispatch Printing* that it "'will reject as unpersuasive the arguments of governmental bodies in future cases attempting to place great weight on this case as precedent in unrelated contexts.'" *Harper*

---

[1] Scarbrough's original affidavit, filed November 16, 2023.

at ¶ 7, quoting *Dispatch Printing*, 106 Ohio St.3d 160, 2005-Ohio-4384, 833 N.E.2d 274, at ¶ 41. The Fifth District further reasoned that (1) a "lessee would not have the same expectation of privacy as an employee because a lessee is conducting business with the District" and (2) "the addresses being sought do document at least one of the functions of the District which is to enter into rental contracts and collect rents from the lessees." *Harper* at ¶ 9. The same reasoning applies here. The ticket buyer is engaged in a financial transaction with OSU, and selling tickets is a function of OSU's athletic department. Therefore, the Court concludes that the faculty and staff cell phone numbers and email addresses are public records. Accordingly, OSU's first objection is OVERRULED.

### D. Requester's First Objection

{¶20} For his first objection, Requester states that he objects to "[t]he Special Master's finding that physical addresses need not be turned over because they are not 'records' under R.C. 149.011(G)." Requester argues that the physical addresses are integrated into the contract, document OSU's billing practices, documents how OSU communicates with ticketholders, and are donor records that are otherwise subject to disclosure. However, Requester did not submit a fully integrated contract between OSU and a ticketholder in support of his arguments that the ticketholders' physical addresses are part of the contract or document OSU's billing practices and communications.

{¶21} Instead, he cites three exhibits that he submitted to the Special Master. Requester's Exh. 8 is an OSU policy titled Ohio State Football 2023 Faculty and Staff Ticket Information. Requester points to a section of the exhibit titled Eligibility, in which former faculty and staff who have 25 or more years of service with the university and who did not purchase tickets for the 2022 football season are instructed to provide their full name, OSU employee ID number, home address, mobile phone, email address, and department. In context, it seems that this information is being requested so that the university can determine if the ticket buyer is eligible to purchase tickets. The policy does not request that the other groups of eligible ticket buyers provide their physical addresses

or other information to determine eligibility. Requester's Exhs. 9 and 10 are Ticketmaster's Privacy Policy and Terms of Use.

**{¶22}** Upon review of the evidence and Requester's arguments, Requester has not proven by clear and convincing evidence that the ticketholders physical addresses serve "to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office." R.C. 149.011(G). Requester's evidence indicates that OSU has switched to electronic ticketing and no longer mails tickets to ticketholders' physical addresses:[2] "All tickets for the 2023 Ohio State Football season tickets will be mobile." (Emphasis deleted.) (Requester's Exh. 8.) The evidence further indicates that communications between OSU and its ticketholders are via email: "Please keep the email address on your account profile current to ensure that you receive season renewal notices and other ticket information." (Emphasis deleted.) (Requester's Exh. 8.)

**{¶23}** Requester has shown that OSU requests the physical addresses for a subset of ticketholders—former faculty or staff who have at least 25 years of service and did not purchase 2022 season tickets—but that is likely a small fraction of the total number of ticketholders. Furthermore, Requester has not shown that OSU uses the physical addresses of this subset of ticketholders as part of its functions, operations, or other activities.[3] *See State ex rel. Cincinnati Enquirer v. Ronan*, 127 Ohio St.3d 236, 2010-Ohio-5680, 938 N.E.2d 347 (a document does not become a public record when a public office merely receives it but does not use or rely on it to perform a public function). But even if Requester had shown that OSU uses the physical addresses of this subset of ticketholders, that would not prove how the addresses of all ticketholders document the functions, operations, or other activities of OSU. Therefore, Requester's first objection is OVERRULED.

---

[2] Requester speculates that some tickets may still be mailed to physical addresses, but he has not submitted evidence in support of his speculation. The evidence submitted shows that Requester asked for the mailing addresses of all faculty and staff ticket holders who receive tickets via USPS first class mail, but the evidence does not show that any tickets were mailed via USPS.

[3] Requester's Exhs. 9 and 10 indicate that Ticketmaster may use physical addresses for billing purposes, but that does not show how OSU uses the ticketholders' physical addresses. If anything, these exhibits suggest that OSU does not handle the billing process, so OSU would not need the physical addresses for billing purposes.

### E. OSU's Second Objection

**{¶24}** For its second objection, OSU states: "Requester has not met its burden to demonstrate it is entitled to Trade Secret information because the University's evidence satisfies all five *Besser* factors."  As a preliminary matter, OSU is incorrect to frame this as a matter in which Respondent has the burden of proof.  "Exceptions to disclosure under the Public Records Act, R.C. 149.43, are strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an exception. A custodian does not meet this burden if it has not proven that the requested records fall squarely within the exception."  *Jones-Kelly*, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, at paragraph two of the syllabus.  Therefore, OSU has the burden of showing that the requested records fall squarely within the trade secret exception.

**{¶25}** When analyzing a trade secret claim, courts consider the following *Besser* factors:

> "'(1) The extent to which the information is known outside the business; (2) the extent to which it is known to those inside the business, i.e., by the employees; (3) the precautions taken by the holder of the trade secret to guard the secrecy of the information; (4) the savings effected and the value to the holder in having the information as against competitors; (5) the amount of effort or money expended in obtaining and developing the information; and (6) the amount of time and expense it would take for others to acquire and duplicate the information.'"

*Salemi v. Cleveland Metroparks*, 145 Ohio St.3d 408, 2016-Ohio-1192, 49 N.E.3d 1296, ¶ 25, quoting *State ex rel. Luken v. Corp. for Findlay Mkt. of Cincinnati*, 135 Ohio St.3d 416, 2013-Ohio-1532, 988 N.E.2d 546, ¶ 17, quoting *State ex rel. Besser v. Ohio State Univ.*, 89 Ohio St.3d 396, 399-400, 2000-Ohio-207, 732 N.E.2d 373 (further citations omitted).

**{¶26}** One of the reasons why the Special Master concluded that OSU failed to establish that the list of season ticket holders was entitled to trade secret protection was because "OSU's submissions acknowledge that it disclosed the information at issue to

Ticketmaster, but OSU has provided no evidence that it did so under conditions restricting Ticketmaster's use of the information." (Report and Recommendation, p. 10.) In an attempt to provide evidence that it restricted Ticketmaster's use of the information, OSU moved for leave to amend its Motion to Dismiss to include new information, including new affidavits and exhibits. The Court denied the motion to amend above.

{¶27} Examining only the evidence that was before the Special Master, the Court comes to the same conclusion that OSU did not show that it imposed any restrictions upon Ticketmaster when it disclosed the list to Ticketmaster.[4] This failure to demonstrate restrictions on the sharing of the information is sufficient to deprive OSU of trade secret protection. *See Budson v. City of Cleveland*, Ct. of Cl. No. 2018-00300PQ, 2019-Ohio-963 (trade secret protection denied because city did not demonstrate that it restricted Amazon or city's partner entities from disclosing any or all of the bid document). Moreover, as noted by the Special Master, the statements in the Scarbrough affidavit that was before the Special Master were largely conclusory and did not provide sufficient detail as to the amount of effort or money expended in developing the list of season ticket holders. For these reasons, OSU's second objection is OVERRULED.

## F.  Requester's Second Objection

{¶28} For his second objection, Requester states that he objects to "[t]he Special Master's finding that Requester may not cover statutory damages and attorneys' fees." Requester specifies that he objects that the Special Master did not award attorneys' fees pursuant to R.C. 2323.51 for preparation of the Motion to Strike OSU's Reply brief. As analyzed above, the Court agrees that sanctions and attorneys' fees are not warranted.

{¶29} Regarding Requester's request for statutory damages, this Court has consistently interpreted R.C. 2743.75 to not include statutory damages. *See, e.g., Ass. Of Cleveland Fire Fighters IAFF Local 93 v. City of Cleveland*, Ct. of Cl. No. 2020-00103PQ, 2020-Ohio-4500, ¶ 10, adopted 2020-Ohio-4902; *Ryan v. City of Ashtabula*, Ct. of Cl. Nos. 2022-00660PQ, 2022-00665PQ, and 2022-00680PQ, 2023-Ohio-621, ¶

---

[4] The Court reaches this conclusion without reliance on the Ticketmaster policies provided by Requester.

23, adopted 2023-Ohio-1487. The Court declines to deviate from this well-established precedent. Therefore, Requester's second objection is OVERRULED.

### III.     Conclusion

{¶30} For the reasons set forth above, the Court OVERRULES Requester's objections, OVERRULES Respondent's objections, and ADOPTS the Special Master's Report and Recommendation. Respondent's Motion to Dismiss is DENIED. Respondent's Motion for Leave to Amend its Motion to Dismiss is DENIED. All motions to strike are DENIED. Any other pending miscellaneous motions not explicitly granted elsewhere by the Court or Special Master are DENIED.

{¶31} The Court ORDERS Respondent to produce unredacted copies of all records responsive to the public records requests Respondent denominated as 23-721, 23-385, 23-959, 23-961, and 24-004, except for pp. 82-87, rows 5222-5581, and pp. 232-233, rows 4907-4956 of the *In Camera Records*. and all other portions of other records that have those characteristics that are responsive to Requester's requests. Respondent is permitted to redact information about ticketholders' OSU identification numbers and physical addresses. The Court DENIES other relief sought by Requester.

{¶32} Requester is entitled to recover from Respondent the amount of the filing fee of twenty-five dollars and any other costs associated with the action that are incurred by the Requester, excepting attorney fees. Court costs are assessed against Respondent. The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

DAVID E. CAIN
Judge