[Cite as *State ex rel. Ames v. Concord Twp. Bd. of Trustees*, 2026-Ohio-107.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO ex rel.
BRIAN M. AMES,

Relator,

- vs -

CONCORD TOWNSHIP
BOARD OF TRUSTEES,

Respondent.

**CASE NO. 2025-L-088**

Original Action for Writ of Mandamus

---

## PER CURIAM OPINION AND JUDGMENT ENTRY

Decided: January 14, 2026
Judgment:  Petition dismissed.

---

*Brian M. Ames,* pro se, 2632 Ranfield Road, Mogadore, OH 44260 (Relator).

*Brandon D.R. Dynes* and *Bridey Matheney,* Thrasher Dinsmore & Dolan, 100 Seventh Avenue, Suite 150, Chardon, OH 44024 (For Respondent).

PER CURIAM.

{¶1}    Relator, Brian M. Ames, seeks a writ of mandamus to compel Respondent, the Concord Township Board of Trustees, to produce public records. Ames submitted a public records request on June 30, 2025, seeking documents related to "Office Hours" meetings held by the Board in 2024 and 2025. The Township responded the same day, stating that no responsive records exist. Ames disputes this response and asks this Court to order production of records, along with statutory damages, attorney fees, and costs under R.C. 149.43.

{¶2}    The Township has moved to dismiss, arguing that Ames failed to comply with the mandatory pre-filing requirements of R.C. 149.43(C)(1) because he served the

statutory pre-filing complaint by email rather than by a method authorized under Civil Rule 4. Ames has moved to strike the Township's motion on procedural grounds.

{¶3}  R.C. 149.43(C)(1) requires that a requester serve a pre-filing complaint "pursuant to Rule 4 of the Ohio Rules of Civil Procedure" before commencing a mandamus action. Ames served the pre-filing complaint by email. Email is not an authorized method of service under Civil Rule 4. Because Ames did not comply with this statutory prerequisite, his petition for writ of mandamus is dismissed.

## Statement of the Case

{¶4}  On July 21, 2025, Ames filed a verified petition for a writ of mandamus, invoking this court's original jurisdiction under Article IV, Section 3(B)(1)(b) of the Ohio Constitution and R.C. 2731.02. The petition named the Concord Township Board of Trustees as respondent and sought an order compelling production of records related to Office Hours meetings, together with statutory damages, attorney fees, and costs.

{¶5}  On August 19, 2025, the Township filed a motion to dismiss or, alternatively, a motion to strike Ames's affidavit. (Resp't Mot. to Dismiss at p. 1.) The Township's motion advances three grounds for dismissal: that no responsive records exist, that Ames failed to comply with the pre-filing requirements of R.C. 149.43(C)(1), and that Ames's verification affidavit is deficient. The Township supported its motion with affidavits from Administrator Andy Rose and Trustee Morgan McIntosh.

{¶6}  On October 14, 2025, Ames filed a motion to strike the Township's motion to dismiss, arguing that the Township filed the motion before this Court issued an alternative writ, and that the Township served the motion improperly.

{¶7}  The matter is now before this Court for resolution of the pending motions.

## Statement of Facts

{¶8}  The following facts are drawn from the verified petition, accompanying exhibits, and affidavits submitted by the parties.

*The Parties*

**{¶9}** Ames is a resident of Randolph Township in Portage County, Ohio. The Concord Township Board of Trustees is the governing board for Concord Township in Lake County, established under R.C. 505.01. During the relevant period, the Board consisted of three trustees: Amy L. Lucci, Morgan R. McIntosh, and Carl H. Dondorfer IV. Andy Rose serves as Administrator for Concord Township.

*The Public Records Request and Response*

**{¶10}** On Monday, June 30, 2025, at 12:43 p.m., Ames emailed a public records request to Administrator Rose. The request sought four categories of records concerning "Office Hours" held in 2024 and 2025: official minutes of regular meetings, official minutes of special meetings, agendas, and notices of special meetings. Ames asked that responsive documents be emailed to him and specifically requested that non-responsive documents not be sent.

**{¶11}** Less than an hour later, at 1:36 p.m. the same day, Administrator Rose responded by email. The response stated: "Thank you for your email. We are in receipt of your public records request. There are no records responsive to your request for minutes, agendas, or notices for 'Office Hours'." (Pet. Ex. 2.) Rose copied the Board of Trustees and Respondent's counsel on the reply.

*The Pre-Filing Complaint*

**{¶12}** The following day, Tuesday, July 1, 2025, at 4:21 p.m., Ames emailed a Court of Claims Public Records Access Formal Complaint to the Township's official email address, Trustees@ConcordTwp.com. The email stated: "Please find attached my public records access formal complaint." (Pet. Ex. 5.) The attached complaint, signed by Ames and dated July 1, 2025, affirmed that a copy had been "properly transmitted to the public office or person responsible for public records," that the public office had been given three business days to cure, and that the alleged failure had not been resolved.

**{¶13}** Trustee McIntosh attests in her affidavit that the Board received the Court of Claims complaint by email only. McIntosh avers that Ames "did not serve the Board

Case No. 2025-L-088

with his Court of Claims Petition via certified or express mail, commercial carrier, or other acceptable method of service as provided in Rule 4 of the Ohio Rules of Civil Procedure." (McIntosh Aff. ¶ 3.) Ames does not dispute that he served the pre-filing complaint exclusively by email.

{¶14} Twenty days later, on July 21, 2025, Ames filed his verified petition for a writ of mandamus in this Court.

*The Document Ames Obtained*

{¶15} Ames alleges that he obtained a responsive document "by other means." (Verified Pet. at 2, ¶ 10.) He attached to his petition a printout from the Concord Township website titled "SPECIAL MEETING, OFFICE HOURS AND TRUSTEES MEETING." (Pet. Ex. 3.) The webpage indicates an "Event Series: Office Hours and Trustees Meeting" for "February 19 @ 5:00 pm – 7:30 pm" and notes that "[t]his event has passed." (Pet. Ex. 3.)

{¶16} Ames contends this webpage constitutes a "notice[] of the special meetings of Office Hours held in the years 2024 and 2025," demonstrating that the Township's representation that no responsive records exist was incorrect. (Pet. at p. 2, ¶ 10.) Because the writ fails on procedural grounds, we do not resolve this factual dispute.

*Respondent's Explanation*

{¶17} Administrator Rose provides context in his affidavit. According to Rose, the full text of the February 19, 2025 notice states:

> The Trustees have revised their meeting schedule. A Special Meeting with Chardon Township Trustees has been added. The purpose of the Special Meeting is to discuss the annual maintenance road program between the townships.
>
> Concord Township Board of Trustees Office Hours and Trustees Meetings are on the 1st and 3rd Wednesday of each month unless otherwise noted.

Case No. 2025-L-088

Special Meeting 5:00-5:30 PM

REVISED TIME Office Hours 5:30-6:00 PM

(Rose Aff. ¶ 5–7; Rose Aff. Ex. 3.)

**{¶18}** Rose avers that this notice is not a special meeting notice for the Board's Office Hours. Rather, it is a special meeting notice for the Board's joint meeting with Chardon Township Trustees on February 19, 2025, to discuss an inter-township road maintenance program. The notice mentioned Office Hours only to inform the public that the regular Office Hours time had been revised from 5:00 p.m. to 5:30 p.m. that day, not to announce a special meeting of Office Hours.

**{¶19}** Rose further attests that Office Hours are regularly scheduled meetings held on the first and third Wednesday of each month, and that Ohio law does not require a special meeting notice when a regularly scheduled meeting is held at a different time. Rose maintains that he accurately represented to Ames that no records responsive to the request exist.

### Ames's Motion to Strike

**{¶20}** Ames moves to strike the Township's motion to dismiss on two grounds: (1) that the Township filed before this Court issued an alternative writ, and (2) that the Township served the motion by regular mail instead of email. Neither ground warrants striking the motion.

### *The Alternative Writ Argument*

**{¶21}** Ames argues that the Township's motion must be stricken because no alternative writ has been issued. He relies on Loc.App.R. 101(A), which provides that "[u]pon an initial review of the complaint or petition in any original action, this court shall issue an alternative writ instructing the respondent as to the nature of the required response." According to Ames, the Township may not file anything until that writ issues.

**{¶22}** The argument overlooks Loc.App.R. 101(B)(1), which governs dispositive motions in mandamus actions. That rule provides that "a party may file any dispositive

Case No. 2025-L-088

motion which is recognized under the civil rules, such as a motion to dismiss, a motion for judgment on the pleadings, or a motion for summary judgment." The Township filed a motion to dismiss, a motion expressly authorized by the rule. That the Township filed before receiving formal instructions does not render the motion procedurally defective when the local rules expressly authorize such filings.

**{¶23}** Ames's motion to strike on this ground is denied.

*The Service Argument*

**{¶24}** Ames also argues improper service, contending that mail to his rural mailbox "is often lost." But Civ.R. 5(B)(2)(c) authorizes service by regular mail to the address of record for post-complaint filings, and Ames identifies no defect in the address used. (Relator's Mot. to Strike at p. 2.)

**{¶25}** The Township used the correct address. Ames does not claim the address was wrong or that he suffered any actual prejudice from the method of service. The motion was filed and mailed on August 19, 2025. Ames filed his response on October 14, 2025, nearly two months later. He plainly received notice of the motion. A preference for email does not render mail service improper under Civ.R. 5(B)(2)(c).

**{¶26}** Ames's motion to strike on this ground is also denied.

## Pre-Filing Service Requirement

**{¶27}** We turn to the dispositive issue: whether Ames complied with the pre-filing requirements of R.C. 149.43(C)(1).

*The Statutory Framework*

**{¶28}** On April 9, 2025, the General Assembly amended R.C. 149.43(C)(1) to require a pre-filing process for public records mandamus actions. Sub. H.B. 265, 2024 Ohio Laws 86. The amendment gives public offices an opportunity to cure alleged violations before litigation begins. The amended statute provides, in relevant part:

> If a person allegedly is aggrieved by the failure of a public office or
> the person responsible for public records to promptly prepare a public

Case No. 2025-L-088

record and to make it available to the person for inspection in accordance with division (B) of this section . . . the person allegedly aggrieved may serve *pursuant to Rule 4 of the Ohio Rules of Civil Procedure* a complaint, on a form prescribed by the clerk of the court of claims, to the public office or person responsible for public records allegedly responsible for the alleged failure.

(Emphasis added.) R.C. 149.43(C)(1).

{¶29} The statute thus requires a requester to complete several steps before filing a mandamus action. First, the requester must serve a complaint on the public office "pursuant to Rule 4 of the Ohio Rules of Civil Procedure." The complaint must be on a form prescribed by the clerk of the court of claims. Second, the requester must give the public office three business days to cure the alleged failure. Third, the requester cannot file the complaint with a court during the three-day period. Fourth, if the requester proceeds to court, the complaint must be accompanied by an affidavit attesting to compliance with these requirements.

*What Civil Rule 4 Requires*

{¶30} Civil Rule 4 governs service of process. The rules prescribe both who may be served and how service must be accomplished.

{¶31} Civ.R. 4.2 identifies the proper recipients of service for various types of parties. For a township, Civ.R. 4.2(M) provides that service may be made "by serving one or more of the township trustees or the township clerk or by serving the prosecuting attorney of the county in which the township is located, unless the township is organized under Chapter 504 of the Revised Code, in which case service may be made upon the township law director."

{¶32} Civ.R. 4.1 prescribes the authorized methods of service. Service by the clerk may be made by United States certified mail or express mail, evidenced by return receipt signed by any person accepting delivery. Civ.R. 4.1(A)(1)(a). Alternatively, the clerk may make service by commercial carrier service utilizing any form of delivery

Case No. 2025-L-088

requiring a signed receipt. Civ.R. 4.1(A)(1)(b). Personal service is also authorized when the plaintiff files a written request with the clerk. Civ.R. 4.1(B).

**{¶33}** Email is not among the methods of service authorized by Civil Rule 4.

*How Ames Served the Pre-Filing Complaint*

**{¶34}** Ames served the pre-filing complaint by email alone. He sent it to Trustees@ConcordTwp.com on July 1, 2025. (Pet. Ex. 5.) Trustee McIntosh attests that this was the only method by which the Board received the complaint. Ames does not dispute this.

**{¶35}** Email is not a method authorized by Civil Rule 4. Ames therefore did not serve the pre-filing complaint "pursuant to Rule 4" as R.C. 149.43(C)(1) requires.

*Actual Notice Does Not Cure Defective Service*

**{¶36}** Actual notice does not cure defective service where the statute expressly requires service pursuant to Civ.R. 4. The General Assembly did not condition the pre-filing requirement on whether the public office subjectively received or reviewed the complaint. It required service "pursuant to Rule 4" — a phrase that carries a settled procedural meaning. The statute does not say the complaint must be "transmitted" or "sent" or "delivered." It says the complaint must be served "pursuant to Rule 4."

*The Consequence of Noncompliance*

**{¶37}** The pre-filing requirements of R.C. 149.43(C)(1) are mandatory. In *State ex rel. Ames v. W. Geauga Local School Dist. Bd. of Edn.*, 2025-Ohio-5179 (11th Dist.), the Court dismissed a mandamus petition where the relator filed before the three-business-day waiting period expired. *Id.* at ¶ 6. The defect there was premature filing; the defect here is improper service. Although the defect in *W. Geauga* involved premature filing rather than improper service, the case underscores that the amended statute imposes multiple mandatory prerequisites, each of which must be satisfied before a mandamus action may proceed.

**{¶38}** Because Ames failed to satisfy a statutory condition precedent to maintaining a mandamus action, his petition for writ of mandamus must be dismissed. We do not reach the Township's other arguments.

## Conclusion and Disposition

**{¶39}** R.C. 149.43(C)(1), as amended, requires a requester to serve a pre-filing complaint pursuant to Civ.R. 4 before commencing a public-records mandamus action. Ames served the pre-filing complaint by email, a method not authorized by Civ.R. 4. Because Ames failed to satisfy this statutory prerequisite, his petition for writ of mandamus is hereby dismissed. Ames's motion to strike is denied.

KATELYN DICKEY, J.; CAROL ANN ROBB, J.; MARK A. HANNI, J.; Seventh Appellate District, sitting by assignment, concur.

Case No. 2025-L-088

# JUDGMENT ENTRY

For the reasons stated in the per curium opinion of this court, it is ordered that relator's petition for writ of mandamus is hereby dismissed.  Relator's motion to strike is denied.

Costs to be taxed against relator.

JUDGE KATELYN DICKEY,
Seventh Appellate District,
sitting by assignment,
concurs

JUDGE CAROL ANN ROBB,
Seventh Appellate District,
sitting by assignment,
concurs

JUDGE MARK A. HANNI,
Seventh Appellate District,
sitting by assignment,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-L-088