[Cite as *Shaw v. Colerain Twp. Police Dept.*, 2026-Ohio-1322.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| JACK WILLIAM SHAW | Case No. 2025-01009PQ |
| Requester | Special Master Sarah Pierce |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| COLERAIN TOWNSHIP POLICE DEPARTMENT | |
| Respondent | |

{¶1} This matter is before me for a report and recommendation. R.C.2743.75(F). I recommend that the court (1) enter judgment for respondent, and (2) order requester to bear the costs of this case.

### I. Background

#### A. The public records request

{¶2} On November 30, 2025, Requester Jack William Shaw made a public records request to Respondent Colerain Township Police Department for "the inquiry log associated with the Flock Safety LPRs. . . back as far as the department has had access to Flock Safety." *Complaint, filed Dec. 15, 2025*, p. 1-2.

{¶3} The Police Department responded on December 2, 2025, and provided records. *Compl.*, p. 2. The Police Department notified Requester that "data captured from an automated license plate recognition system" was withheld pursuant to R.C. 149.43(A)(1)(yy). *Id*.

{¶4} When the Requester clarified that he was looking for "the logged reason for the search," the Police Department noted that it was also withholding that information pursuant to the same public records exception. *Id*. In response to Requester's preliminary complaint in this matter, the Police Department clarified that all redactions in the provided records were made to automated license plate database data (R.C. 149.43(A)(1)(yy)) and confidential law enforcement investigatory records (R.C. 149.43(A)(1)(h)). *Compl.*, p. 11.

**B. License plate readers in Colerain Township**

{¶5} The Police Department provides some background information regarding license plate readers and related technology, purchased from Flock Safety. Colerain Township installed license plate readers in mid-2025 at various locations throughout the township. *Resp. Additional Evidence, filed Feb. 10, 2026*, ¶ 3, 11. The license plate readers are cameras that are "intended" to capture a still image of a passing vehicle, including the make, model, color, and license plate number. *Id*., ¶ 4.  The license plate readers relay the license plate information to a Flock Safety database. That database is maintained by Flock Safety and captures information gathered from license plate readers in other jurisdictions and other law enforcement databases. *Id*., ¶ 5-7.

{¶6} The Flock Safety database sends "real-time alerts" about law enforcement needs related to a vehicle captured by a license plate reader. *Id*., ¶ 5. Colerain Township also "has access" to a more limited Flock Safety database that contains information captured by the township's license plate readers. *Id*., p. 4 ¶ 6. The Police Department can audit certain information in the Flock Safety database, including employees requesting database searches and the parameters of those searches.[1] *Id*., ¶ 8. Database searches can be conducted with an "AI moderation tool" enabled. The Police Department characterizes this option as the Flock Safety "database's AI monitoring tool used to ensure AI searches are conducted properly." *Id*., ¶ 8.

**C. Procedural history**

{¶7} This matter was referred to mediation. Mediation did not resolve the case, and a schedule was set for both parties to file evidence and memoranda supporting their positions. That schedule has run its course, making this case ripe for decision. *Order Terminating Mediation, entered Jan. 27, 2026*.

II.      **Analysis**

  A. **Requester has not complied with R.C. 149.43(C) and is therefore not entitled to public records relief.**

---

[1] It is not clear whether the Police Department can initiate a search of the entire Flock Safety database, or only the database containing information captured by Colerain Township license plate readers.

{¶8} Effective April 9, 2025, the Public Records Act was amended to include new requirements for initiating a public records action in court. *See* 2024 Sub.H.B. No. 265; R.C. 149.43(C)(1), (2). Before filing a public records lawsuit, a person must first "serve pursuant to Rule 4 of the Ohio Rules of Civil Procedure a complaint, on a form prescribed by the clerk of the court of claims" on the public office. R.C. 149.43(C)(1). Next, the person must wait three business days before filing the complaint in court. R.C. 149.43(C)(1). Finally, the person is required to file with the court "a written affirmation" that confirms 1) the person "properly transmitted" the preliminary complaint to the public office, 2) the alleged public records violation has not been resolved, and 3) the preliminary complaint was transmitted at least three business days before filing in court. R.C. 149.43(C)(2).

{¶9} The parties agree that Requester transmitted his preliminary complaint by email. *See Resp. Response to Complaint, filed Feb. 20, 2026*, p. 6-7; *Req. Reply, filed Mar. 2, 2026*, p. 2. The parties also agree that email service of a complaint is not contemplated by Civil Rule 4. *Id*. On these facts, Requester has therefore not affirmed that the preliminary complaint was properly transmitted. *State ex rel. Claypool v. Cty. of Geauga*, 2025-Ohio-5863, ¶ 13-16 (11th Dist.). This court has dismissed public records complaints on these grounds. *See*, *e.g.*, *Dyer v. Great Parks of Hamilton County*, Ct. of Cl. No. 2025-00840PQ, Rept. and Recomm. (Feb. 2, 2026), adopted (Feb. 20, 2026).

{¶10} Requester specifically invokes Civil Rule 4.6(B) and requests the court amend service to permit resolution of this case on the merits. *Req. Reply,* p. 2-3. Whether a court can, through Civil Rule 4.6, amend service of a preliminary complaint required by R.C. 149.43(C) has not been addressed by a court of record. Historically, Civil Rule 4.6 has been used to correct technical deficiencies and "to avoid, by permitting amendment of process, technical objections to the form of process or return of service." *Constr. Unlimited vs. Polen*, 2d Dist. No. CA-7043, 1981 Ohio App. LEXIS 13635, at *6 (May. 6, 1981); *see also Huber v. BCA Taverns, Inc.*, Summit C.P. No. CV 2015 03 2033, 2015 Ohio Misc. LEXIS 24749, at *3 (July 23, 2015) (noting "amendment is more apt to be considered on an instance of a technicality" but amending service given "the unique circumstances of this case").

{¶11} The facts presented by this case closely mirror the facts in *State ex rel. Ames v. Concord Twp. Bd. of Trustees*, 2026-Ohio-107 (11th Dist.), cited by both parties. As in

*Ames*, Requester served his preliminary complaint by email. *Id*., ¶ 2, 13. The *Ames* decision does not mention a Civil Rule 4.6 motion to amend service of the preliminary complaint. However, the *Ames* court specifically held that "[a]ctual notice does not cure defective service where the statute expressly requires service pursuant to Civ.R. 4." *Id*., ¶ 36. Permitting amendment in this case would work against this holding and reach beyond the typically "technical" scope of Civil Rule 4.6.

{¶12} I therefore must recommend that the court dismiss Requester's complaint pursuant to R.C. 149.43(C). Application of public records exceptions (particularly as they pertain to new technologies like license plate readers) remains, as ever, an important legal and public policy concern. *State ex rel. Morgan v. New Lexington*, 2006-Ohio-6365, ¶ 28 ("The Public Records Act reflects the state's policy that open government serves the public interest and our democratic system.").

### B. Costs.

{¶13} Revised Code 2743.75(F)(3)(b) provides that the court shall award a requester their filing fee and "any other costs associated with the action" if it finds a violation of the Public Records Act. Because I find no violation, I recommend that Requester bear the costs of this action.

### III. Conclusion

{¶14} Based on the above considerations, I recommend that the court:

1) Enter judgment for respondent;

2) Order requester to bear the costs of this case.

{¶15} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

_____
SARAH PIERCE
Special Master

**Filed March 11, 2026**
**Sent to S.C. Reporter 4/13/26**