[Cite as *Gardner v. Mantua*, 2026-Ohio-1315.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| SCOTT P. GARDNER | Case No. 2025-00937PQ |
| Requester | Special Master Sarah Pierce |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| VILLAGE OF MANTUA | |
| Respondent | |

{¶1} This matter is before me for a report and recommendation. R.C.2743.75(F). I recommend that the court (1) dismiss requester's complaint pursuant to R.C. 149.43(C), (2) deny respondent's motions to strike and for related sanctions, (3) deny as moot respondent's motion for summary judgment, (4) deny respondent's motion for an award of attorney fees, costs, and expenses, and (5) order requester to bear the costs of this case.

**I.     Background**

**A.  The public records request**

{¶2} On October 27, 2025, Requester Scott Gardner submitted the public records request at issue to Respondent Village of Mantua. The request asked for:

> [C]opies of all 3x5 note cards or written questions created, collected, or distributed to members of Mantua Village Council in connection with the disciplinary hearing involving Police Chief Joe Urso. Specifically, I am requesting: 1. All handwritten or typed questions submitted by any Council member prior to or during the hearing. 2. Any copies, scans, transcriptions, or electronic versions of those note cards. 3. Any records of correspondence, instructions, or communications from Mayor Tammy Meyer, Solicitor Bill Mason, or any other village official relating to the preparation, collection, or vetting of these questions.

*Complaint, filed Nov. 7, 2025*, p. 9; *Req. Evidence, filed Feb. 17, 2026*, p. 2; *Resp. Evidence, filed Mar. 2, 2026*, p. 4 ¶ 14.

{¶3} On October 29, 2025, the Village responded to the request, noting that the requested "3x5 note cards or written questions" are "transitory in nature and not a public record." *Compl.*, p. 10-11; *Req. Ev.*, p. 3; *Resp. Ev.*, p. 12 ¶ 18. On November 7, 2025, the Village confirmed for items 1 and 2 that the "records are transitory notes etc., not a public record and do not exist" and that there were no records responsive to item 3 of the request. *Compl.*, p. 10-11, 14; *Req. Ev.*, p. 3, 6.

### B. Procedural history

{¶4} This matter was referred to mediation. Mediation did not resolve the case, and a schedule was set for both parties to file evidence and memoranda supporting their positions. That schedule has run its course, making this case ripe for decision. *Order Terminating Mediation, entered Feb. 13, 2026*.

## II. Analysis

### A. Requester's complaint should be dismissed pursuant to R.C. 149.43(C).

{¶5} Effective April 9, 2025, the Public Records Act was amended to include new requirements for initiating a public records action in court. *See* 2024 Sub.H.B. No. 265; R.C. 149.43(C)(1), (2). Before filing a public records lawsuit, a person must first "serve pursuant to Rule 4 of the Ohio Rules of Civil Procedure a complaint, on a form prescribed by the clerk of the court of claims" on the public office. R.C. 149.43(C)(1). Next, the person must wait three business days before filing the complaint in court. R.C. 149.43(C)(1). Finally, the person is required to file with the court "a written affirmation" that confirms 1) the person "properly transmitted" the preliminary complaint to the public office, 2) the alleged public records violation has not been resolved, and 3) the preliminary complaint was transmitted at least three business days before filing in court. R.C. 149.43(C)(2).

{¶6} In this case, Requester filed the required affirmation with his complaint. *See Compl.*, p. 1. The Village has introduced evidence, however, to demonstrate that Requester failed to substantively comply with the R.C. 149.43(C)(1) requirements. *Resp. Ev.*, p. 12 ¶ 21; *Resp. Response to Complaint, filed Mar. 3, 2026*, p. 11 ¶ 21. Requester does not rebut this evidence.

{¶7} Accordingly, Requester did not serve his preliminary complaint as required by R.C. 149.43(C)(1). "R.C. 149.43(C)(1) requires the preliminary complaint to be served pursuant to Civ.R. 4. Service under Civ.R. 4 may be achieved through the methods set forth in Civ.R. 4.1 et seq." *State ex rel. Claypool v. Cty. of Geauga*, 2025-Ohio-5863, ¶ 13 (11th Dist.). Requester therefore also did not "properly transmit[]" his preliminary complaint to the Parks and could not affirm as much. *Id.* at ¶ 16; see also *State ex rel. Ames v. Concord Twp. Bd. of Trustees*, 2026-Ohio-107, ¶ 2, 13 (11th Dist.) (dismissing mandamus case for failure to comply with R.C. 149.43(C)). This court has dismissed public records complaints on these grounds. *See, e.g., Dyer v. Great Parks of Hamilton County*, Ct. of Cl. No. 2025-00840PQ, Rept. and Recomm. (Feb. 2, 2026), adopted (Feb. 20, 2026).

{¶8} I therefore recommend that the court dismiss Requester's complaint pursuant to R.C. 149.43(C)(2).

### B. The Village's motions to strike should be denied.

{¶9} On March 2, 2026, Requester filed a "reply to respondent's evidence." This filing was not ordered by the special master and is therefore not considered in this report and recommendation. R.C. 2743.75(E)(2); *Doe v. Ohio State Univ.*, 2024-Ohio-565, ¶ 7-9 (Ct. of Cl.). The Village's motion to strike this filing is denied on the same grounds. *Resp. Motion to Strike, filed Mar. 2, 2026*; *see also Whitt v. Wolfinger*, 2015-Ohio-2726, ¶ 13 (4th Dist.) (deciding a motion to strike evidentiary matter is within a court's broad discretion).

{¶10} On March 3, 2026, the Village filed a motion to strike requester's evidence. The Village argues that this evidence is not authenticated by an affidavit or other means. *Resp. Motion to Strike, filed Mar. 3, 2026*, p. 2. Again, the Village's motion was not directed by the special master and should be denied on that basis. I also note that the Requester's evidence consists of the public records request at issue and the related communications between the Requester and the Village. There is no dispute between the parties that these communications occurred. *See Resp. Ev.*, p. 4-12.

### C. The Village's motion for summary judgment should be considered a response to the complaint and denied as moot.

{¶11} On March 3, 2026, the Village filed a combined motion for summary judgment and for sanctions against Requester. *See Resp. Motion for Summ. J., filed Mar. 3, 2026*, p. 1. A Civil Rule 56 motion for summary judgment is not contemplated by this special statutory proceeding. *See* R.C. 2743.75(E); *Order Terminating Mediation, entered Feb. 13, 2026*. As it relates to the merits of this public records dispute, the substance of the Village's motion for summary judgment is considered a response to the complaint by this report and recommendation. The Village's motion for summary judgment should therefore be denied as moot.

### D. The Village's motion for sanctions should be denied.

{¶12} The Village also moves for sanctions against Requester for frivolously filing the present case. *Resp. MSJ*, p. 25-30. The Village urges sanctions because Requester did not serve the Village with a preliminary complaint and "demanded non-records that do not exist" in his public records request and complaint in this case. *Id*., p. 29.

{¶13} I recommend that the court deny the Village's motion for sanctions. First, the Village does not present sufficient grounds to support a finding of frivolous conduct. This special statutory process "offers a forum for those who are schooled in the law as well as those that are not." *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 12. Requester's claims are not inconsistent with law such that they are frivolous. Further, I do not agree that Requester's failure to transmit a preliminary complaint (a new requirement in the Public Records Act), without more, demonstrates bad faith or frivolous conduct. Second, this process is intended to provide an expeditious and economical venue for resolution of public records disputes. R.C. 2743.75(A). On the grounds presented by the Village, conducting additional proceedings to further probe the claimed frivolous conduct or impose sanctions would frustrate this purpose. *See Resp. MTS*, p. 27-28. Finally, "courts must be very careful before imposing sanctions in a public-records case" because "[i]mposition by a court of Civ.R. 11 sanctions upon a public-records requester in the absence of clear evidence that he or she acted willfully and in bad faith has the potential to chill public-records requests and reduce the transparency of government." *Bardwell v. Cuyahoga Cty. Bd. of Commrs.*, 2010-Ohio-5073, ¶ 11.

### E. Costs.

{¶14} Revised Code 2743.75(F)(3)(b) provides that the court shall award a requester their filing fee and "any other costs associated with the action" if it finds a violation of the Public Records Act. Because I do not find a violation of the Public Records Act, I recommend that the Requester bear the court costs in this case.

### III.    Conclusion

{¶15} Based on the above considerations, I recommend that the court:

1)      Dismiss requester's complaint pursuant to R.C. 149.43(C);

2)      Deny respondent's March 2, 2026, and March 3, 2026, motions to strike and for related sanctions;

3)      Deny as moot respondent's motion for summary judgment;

4)      Deny respondent's March 3, 2026, motion for an award of attorney fees, costs, and expenses; and

5)      Order requester to bear the costs of this case.

{¶16} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation.  Any objection shall be specific and state with particularity all grounds for the objection.  A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

SARAH PIERCE
Special Master

**Filed March 31, 2026**
**Sent to S.C. Reporter 4/13/26**