[Cite as *State ex rel. Jordan v. Akron Police Dept.*, 2025-Ohio-4452.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE EX REL. ROBERT JORDAN

    Relator

    v.

AKRON POLICE DEPT.

    Respondent

C.A. No. 31560


ORIGINAL ACTION IN
MANDAMUS

Dated: September 24, 2025

---

PER CURIAM.

{¶1}  Relator, Robert Jordan, has filed a complaint for a writ of mandamus to order Respondent, Akron Police Department, to provide him access to public records.  Respondent has moved to dismiss.  Mr. Jordan has not responded in opposition.  Because Mr. Jordan failed to comply with R.C. 149.43(C)(2), this Court must dismiss this case.

{¶2}  R.C. 149.43(B)(1) provides that, with one exception that applies in this case, all public records responsive to a request shall be promptly prepared and made available or copies provided at cost within a reasonable time.  The R.C. 149.43(B)(8) exception imposes an additional requirement on a prisoner who seeks records relating to a criminal investigation.  The Akron Police Department moved to dismiss because Mr. Jordan did not comply with this section.  We cannot reach this issue, however, because Mr. Jordan failed to comply with a threshold statutory requirement.

{¶3}     R.C. 149.43(C)(1) was amended effective April 9, 2025.  Mr. Jordan filed his complaint with this Court on June 23, 2025.  This section established an additional requirement before a person can file a complaint for writ of mandamus regarding the denial of public records.  Before filing the complaint for mandamus, the person must send a "complaint" (as referred to in R.C. 149.43(C)(1)) to the public office and allow that office three business days to cure or otherwise address the alleged failure.  If the alleged failure is not cured or resolved after the three-day notice period, the person may file a complaint for writ of mandamus.  R.C. 149.43(C)(1).

{¶4}     Along with filing the complaint for writ of mandamus, the person must file with the court "a written affirmation stating that the person properly transmitted a complaint to the public office or person responsible for public records, the failure alleged in the complaint has not been cured or otherwise resolved to the person's satisfaction, and that the complaint was transmitted to the public office or person responsible for public records at least three business days before the filing of the suit."  R.C. 149.43(C)(2).  Mr. Jordan did not file an affirmation with his complaint for writ of mandamus.  There is nothing in the complaint, or the documents attached to it, to allege that Mr. Jordan transmitted a complaint to the Akron Police Department, the alleged failure was not cured, and that Mr. Jordan waited at least three business days before filing the suit.  The statute mandates what a court must do if a relator fails to comply with R.C. 149.43(C)(2):  "If the person fails to file an affirmation pursuant to this division, the suit shall be dismissed."

{¶5}     Because Mr. Jordan failed to file an affirmation with the complaint to demonstrate that he complied with the requirements of R.C. 149.43(C)(2), this Court must dismiss this case.

**{¶6}** This case is dismissed. Costs taxed to Mr. Jordan. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

SCOT STEVENSON
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

ROBERT JORDAN, Pro Se, Relator.

DEBORAH S. MATZ, Director of Law, and JACQUENETTE S. CORGAN, Assistant Director of Law, for Respondent.