[Cite as *State ex rel. Ames v. W. Geauga Local School Dist. Bd. of Edn.*, 2025-Ohio-5179.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

STATE OF OHIO ex rel.
BRIAN M. AMES,

      Relator,

- vs -

WEST GEAUGA LOCAL SCHOOL
DISTRICT BOARD OF EDUCATION,

      Respondent.

**CASE NO. 2025-G-0016**

Original Action for Writ of Mandamus

---

## PER CURIAM OPINION AND JUDGMENT ENTRY

Decided: November 17, 2025
Judgment: Petition dismissed

---

*Brian M. Ames,* pro se, 2632 Ranfield Road, Mogadore, OH 44260 (Relator).

*Matthew John Markling,* McGown & Markling Co., L.P.A., 1894 North Cleveland-Massillon Road, Akron, OH 44333 (For Respondent).

ROBERT J. PATTON, P.J.

{¶1} This matter is before the court on Brian M. Ames's ("relator"), petition for a writ of mandamus requesting a judgment requiring West Geauga Local School District Board of Education ("respondent") to produce records pursuant to R.C. 149.43. For the following reasons, this action is dismissed.

**Substantive and Procedural History**

{¶2} In his petition, relator contends that he made a public records request to respondent on March 24, 2025. Relator does not dispute that respondent replied to his request with a redacted response on April 3, 2025. Relator avers that the response failed

to comply with R.C. 149.43 because respondent redacted information subject to disclosure. Respondent maintains that the redacted information is protected under the Family Education Rights and Privacy Act ("FERPA"). Relator disagrees. Additionally, respondent asserts that relator's petition should be dismissed because he failed to comply with R.C. 149.43(C)(1), requiring that a petitioner allow three days after serving the public office with a complaint before commencing a mandamus action.

{¶3}    Relator filed his petition with this Court on April 30, 2025. An alternative writ was issued on May 13, 2025. The following documents were subsequently filed:

**July 14, 2025:** Respondent's answer to relator's petition.

- respondent's motion for judgment on the pleadings.

**July 16, 2025:** Relator filed in one combined document:

- relator's cross-motion for judgment on the pleadings;

- motion for in camera inspection;

- brief in support of motions; and

- brief in opposition to respondent's motion for judgment on the pleadings.

**July 19, 2025:** Respondent filed in three separate documents:

- respondent's reply memorandum to relator's memo in opposition to respondent's motion for judgment on the pleadings;

- respondent's memorandum in opposition to relator's motion for judgment on the pleadings; and

- respondent's memorandum in opposition to relator's motion for in camera inspection.

Case No. 2025-G-0016

**July 22, 2025:** Relator filed in one document:

- relator's reply in support of cross motion for judgment on the pleadings; and

- relator's reply in support for motion for in camera inspection.

**July 22, 2025:** Respondent's motion for oral argument on the dispositive motions.

- respondent's motion for leave to file a sur-reply instanter (which was granted on August 20, 2025).

**July 22, 2025:** Relator's opposition to respondent's motion for leave to file a sur-reply instanter.

**August 4, 2025:** Respondent's motion to consolidate Case Nos. 2025-G-0016 and 2025-G-0029 in both cases.

**August 4, 2025:** Relator's opposition to respondent's motion to consolidate cases.

**August 4, 2025:** Respondent's reply memorandum to memo in opposition to the motion to consolidate cases.

**September 4, 2025:** Respondent filed in three separate documents:

- respondent's notice of supplemental authority;

- respondent's 2nd notice of supplemental authority; and

- respondent's 3rd notice of supplemental authority.

**October 29, 2025:** Respondent filed in three separate documents:

- respondent's 4th notice of supplemental authority;

- respondent's 5th notice of supplemental authority; and

- respondent's 6th notice of supplemental authority.

## Disposition

{¶4}   Respondent has maintained throughout all filings that relator has failed to comply with R.C. 149.43(C)(1), which provides:

Case No. 2025-G-0016

> If a person allegedly is aggrieved by the failure of a public office or the person responsible for public records to promptly prepare a public record and to make it available to the person for inspection in accordance with division (B) of this section . . . the person allegedly aggrieved may serve pursuant to Rule 4 of the Ohio Rules of Civil Procedure a complaint, on a form prescribed by the clerk of the court of claims, to the public office or person responsible for public records allegedly responsible for the alleged failure. Upon receipt of the complaint of the person allegedly aggrieved, the public office or person responsible for public records has three business days to cure or otherwise address the failure alleged in the complaint. *The person allegedly aggrieved shall not file a complaint with a court or commence a mandamus action under this section within the three-day period.* If the person fails to file an affirmation pursuant to this division, the suit shall be dismissed.

(Emphasis added.) R.C. 149.43(C)(1).

{¶5} Pursuant to new legislation effective April 9, 2025, R.C. 149.43(C)(1) now requires an allegedly aggrieved party to complete additional steps prior to filing a mandamus action. The statute requires that a petitioner serve the public office with a complaint and to allow three days to pass before filing an action with the court.

{¶6} Exhibits attached to relator's petition indicate that respondent was served by certified mail on April 28, 2025, with relator's complaint. Relator was required to wait three days, until May 1, 2025, to file an action with the court. Relator filed his petition for a writ of mandamus with this court on April 30, 2025. Accordingly, relator did not comply with the requirements of R.C. 149.43(C)(1), and this action must be dismissed.

Case No. 2025-G-0016

{¶7}     For the foregoing reasons, relator's petition for writ of mandamus is hereby dismissed. All pending motions are overruled as moot.


MATT LYNCH, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2025-G-0016

# JUDGMENT ENTRY

For the reasons stated in the per curiam opinion of this court, it is ordered that relator's petition for writ of mandamus is hereby dismissed. All pending motions are overruled as moot.

Costs to be taxed against relator.

PRESIDING JUDGE ROBERT J. PATTON

JUDGE MATT LYNCH,
concurs

JUDGE SCOTT LYNCH,
concurs

| THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY |
| --- |
| A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure. |

Case No. 2025-G-0016