[Cite as *State ex rel. Claypool v. Geauga Cty.*, 2025-Ohio-5863.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

STATE OF OHIO ex rel.
WALTER CLAYPOOL,

        Relator,

        - vs -

COUNTY OF GEAUGA, OHIO, et al.,

        Respondents.

**CASE NO. 2025-G-0034**

Original Action for Writ of Mandamus

---

## PER CURIAM OPINION AND JUDGMENT ENTRY

Decided: December 31, 2025
Judgment: Petition dismissed

---

*Walter Claypool*, pro se, 12448 Bentbrook Drive, Chesterland, OH 44026 (Relator).

*James R. Flaiz*, Geauga County Prosecutor, and *Laura A. Lachapelle*, Assistant Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Respondents).

PER CURIAM.

{¶1} Pending before this court is a "Complaint for Writs of Mandamus and Supporting Affidavit" filed by relator, Walter Claypool. Respondents, County of Geauga, Ohio, et al., move for summary judgment. For the following reasons, the complaint is dismissed.

{¶2} Claypool filed his complaint on September 22, 2025. Therein, Claypool asserts that, on June 20, 2025, he sent respondent Amy Bevan, the Geauga County Administrator, an email requesting: "[1.] the letter referenced in the past commissioner

meeting having to do with the Health Department O&M program"; "[2.] any documentation sent from the commissioner's office to [the Northeast Ohio Areawide Coordinating Agency ("NOACA")] between January 1, 2025 and June 2025 having to do with a requested a [sic] bylaw change. That would include emails/text messages etc. between Jim Dvorak and Carolyn Brakey and any NOACA staff or board member"; and "[3. a]ll emails and text messages between Jim Dvorak and Carolyn Brakey between January 1, 2025 and June 2025."

{¶3}    Claypool alleges that, on June 30, 2025, he received a copy of the letter referenced in his first request. On July 25, 2025, Claypool sent a follow-up email to Bevan requesting she provide the remaining records. On the same date, Bevan replied to Claypool that she would look into the matter that day. After receiving no further response, Claypool maintains that, on September 16, 2025, he served respondents with a preliminary complaint pursuant to R.C. 149.43(C)(1). However, as of the date of filing his present mandamus action, Claypool alleges that he had not received the remaining records. Claypool seeks a writ of mandamus, statutory damages, and court costs.

{¶4}    On October 23, 2025, respondents filed a motion for summary judgment, to which they attached an affidavit of the Geauga County Commissioners' Clerk, Christine Blair, in support. Blair maintains that she is the person responsible for public records at the Commissioners' Office. Blair avers that she emailed Claypool additional documents on October 2, 2025, and advised him, "I do not have the original public records request you submitted, as it was not sent directly to me, however, I believe it was in regard to text/emails between NOACA and Ms. Brakey and Mr. Dvorak and those items between them. In response to that recent public record request, attached please find documents

that are responsive to your request." Blair maintains that Claypool replied that her email was not a complete response to his request, and he sent Blair a copy of his original request. Blair then conducted a further search of her files and instructed office staff and the commissioners to also search their files further. Thereafter, Blair maintains that she discovered documents that were inadvertently missing from her response to Claypool. Blair emailed these documents to Claypool on October 20, 2025. Claypool again replied that the response to his request was incomplete, and he provided some clarifying information. However, even after clarification, Blair avers that it is her understanding that she provided all documents to Claypool that he requested.

{¶5} In their motion for summary judgment, respondents maintain that (1) Claypool failed to properly serve his preliminary complaint prior to filing this action in mandamus, and (2) respondents provided all documents responsive to Claypool's requests within a reasonable time.

{¶6} Civ.R. 56(C) governs summary judgment and specifically provides:

> [B]efore summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977); *Allen v. 5125 Peno, LLC*, 2017-Ohio-8941, ¶ 6 (11th Dist.), citing *Holliman v. Allstate Ins. Co.*, 1999-Ohio-116.

{¶7} "The initial burden is on the moving party to set forth specific facts demonstrating that no issue of material fact exists, and the moving party is entitled to judgment as a matter of law." *Allen* at ¶ 6, citing *Dresher v. Burt*, 1996-Ohio-107. "If the

Case No. 2025-G-0034

movant meets this burden, the burden shifts to the nonmoving party to establish that a genuine issue of material fact exists for trial." *Allen* at ¶ 6, citing *Dresher* at ¶ 18.

{¶8} Here, Claypool sought records pursuant to the Public Records Act. "The Public Records Act requires a custodian of public records to make records available when properly requested." *State ex rel. Ames v. Big Walnut Local School Dist. Bd. of Edn.*, 2025-Ohio-2493, ¶ 9, citing R.C. 149.43(B)(1). "When a records custodian fails to fulfill this duty or any of the related duties set forth in the statute, the requesting party may petition for a writ of mandamus to enforce its legal right of access to the record." *State ex rel. Ames* at ¶ 9, citing R.C. 149.43(C)(1)(b).

{¶9} Generally, "[t]o be entitled to a writ of mandamus, a party must establish by clear and convincing evidence (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law." (Citation omitted.) *State ex rel. Martin v. Greene*, 2019-Ohio-1827, ¶ 6. However, because mandamus is the appropriate remedy to compel compliance with the public records statute, a party seeking a writ of mandamus for this purpose need not establish the lack of an adequate remedy at law. *State ex rel. Tenney v. Ohio Dept. of Rehab. & Corr.*, 2025-Ohio-1602, ¶ 8 (11th Dist.).

{¶10} With respect to initiating an action in mandamus to compel the release of public records, R.C. 149.43(C)(1) provides, in relevant part:

> If a person allegedly is aggrieved by the failure of a public office or the person responsible for public records to promptly prepare a public record and to make it available to the person for inspection in accordance with division (B) of this section or by any other failure of a public office or the person responsible for public records to comply with an obligation in accordance with division (B) of this section, the person allegedly aggrieved may serve *pursuant to Rule 4 of the Ohio Rules of Civil*

*Procedure* a complaint, on a form prescribed by the clerk of the court of claims, to the public office or person responsible for public records allegedly responsible for the alleged failure. Upon receipt of the complaint of the person allegedly aggrieved, the public office or person responsible for public records has three business days to cure or otherwise address the failure alleged in the complaint. The person allegedly aggrieved shall not file a complaint with a court or commence a mandamus action under this section within the three-day period.

{¶11} Here, in Claypool's "complaint for writs of mandamus," he states that "[r]espondents were served a complaint under R.C. 149.43(C)(1) and failed to cure or otherwise address the alleged failure to provide public records within three business days." In his supporting affidavit, Claypool avers, in relevant part:

> 8. That on September 16, 2025, affiant appeared at the Geauga County Clerk of Courts' office to file a preliminary complaint under R.C. 149.43(C)(1) and an assistant clerk informed affiant the preliminary complaint did not need to be filed but served to the public office responsible for the alleged failure.
>
> 9. That on September 16, 2025, affiant served a representative of the office of the Geauga County Prosecutor a copy of the preliminary complaint, but said representative would not sign an acknowledgement of service.
>
> 10. That on September 16, 2025, affiant served a representative of the Geauga County Board of Commissioners a copy of the preliminary complaint and said representative signed an acknowledgement of service.
>
> 11. That, as of the end of the business day of September 19, 2025, the Geauga County Board of Commissioners and the Geauga County Administrator have failed to cure their failure to respond to the June 20, 2025 public records request.

{¶12} Therefore, Claypool's complaint and supporting affidavit indicated that he "served" a copy of the preliminary complaint upon the Geauga County Prosecutor and the Geauga County Board of Commissioners, but he did not specifically indicate how he

Case No. 2025-G-0034

effectuated that service. It may be reasonably inferred from Claypool's affidavit that he personally hand-delivered the preliminary complaint to respondents' office, which respondents argue is not a proper method of service under the statute.

{¶13} As set forth above, R.C. 149.43(C)(1) requires the preliminary complaint to be served pursuant to Civ.R. 4. Service under Civ.R. 4 may be achieved through the methods set forth in Civ.R. 4.1 et seq. Hand-delivery by a party to an action is not a permissible form of service under Civ.R. 4.1 et seq. *See* Civ.R. 4.1(D)(2) (listing qualifications of a civil process server and precluding a party from serving process).

{¶14} Claypool does not dispute that he hand-delivered the preliminary complaint to respondents' office; however, he contends that "[b]ecause [r]espondents have failed to raise insufficiency of preservice of process in an answer pursuant to Civ.R. 12(B) and have instead filed a motion for summary judgment under Civ.R. 56, [r]espondents have waived insufficiency of process as an affirmative defense."

{¶15} However, respondents do not argue insufficiency of service of process of the mandamus action. Instead, they maintain that Claypool failed to comply with the prefiling requirements as set forth in R.C. 149.43, one of which is service of the preliminary complaint pursuant to Civ.R. 4. The statute demands not only compliance with the prefiling requirements, but also an affirmation by the relator that he has so complied:

> Upon filing a complaint or mandamus action with a court under divisions (C)(1)(a) or (b) of this section, a person allegedly aggrieved shall file with the court, in conjunction with the person's complaint or petition, *a written affirmation stating that the person properly transmitted a complaint to the public office or person responsible for public records*, the failure alleged in the complaint has not been cured or otherwise resolved to the person's satisfaction, and that the complaint was transmitted to the public office or person responsible for public records at least three business days before the filing of the suit. If the

person fails to file an affirmation pursuant to this division, *the suit shall be dismissed*.

(Emphasis added.) R.C. 149.43(C)(2).

{¶16} Although Claypool affirmed that he "served" the preliminary complaint on respondents, his affidavit suggests that he hand-delivered the preliminary complaint, and he does not dispute this interpretation. Accordingly, Claypool did not in fact "properly transmit[]" his preliminary complaint to respondents, much less affirm *proper* transmittal, and this court must dismiss the mandamus action. *See State ex rel. Ames v. W. Geauga Local School Dist. Bd. of Edn.*, 2025-Ohio-5179, ¶ 6 (11th Dist.) (where the relator failed to comply with R.C. 149.43(C)(1) by filing a mandamus action prior to completion of the three-day period following service of his preliminary complaint, dismissal of mandamus action was required); *State ex rel. Jordan v. Akron Police Dept.*, 2025-Ohio-4452, ¶ 5 (9th Dist.) (where a relator fails to include the affirmation required by R.C. 149.43(C)(2), the court must dismiss the public records mandamus action). As this action must be dismissed pursuant to statute, this court need not reach respondents' remaining arguments urging denial of the requests for a writ of mandamus, statutory damages, and court costs.

{¶17} Accordingly, Claypool's "complaint for writs of mandamus" is hereby dismissed.


JOHN J. EKLUND, J.; EUGENE A. LUCCI, J.; JUDGE KATELYN DICKEY, J., Seventh Appellate District, sitting by assignment, concur.

Case No. 2025-G-0034

# JUDGMENT ENTRY

For the reasons stated in the per curiam opinion of this court, it is ordered that relator's "complaint for writs of mandamus" is hereby dismissed.

Costs to be taxed against relator.

Pursuant to this entry, any pending motions are hereby overruled as moot.

JUDGE JOHN J. EKLUND,
concurs

JUDGE EUGENE A. LUCCI,
concurs

JUDGE KATELYN DICKEY,
Seventh Appellate District,
sitting by assignment,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-G-0034