[Cite as *Bankston v. Cuyahoga Cty. Prosecutor's Office*, 2026-Ohio-1321.]

### IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| ANGELIQUE BANKSTON<br><br>Requester<br><br>v.<br><br>CUYAHOGA COUNTY PROSECUTOR'S OFFICE<br><br>Respondent | Case No. 2025-00983PQ<br><br>Special Master Sarah Pierce<br><br><u>REPORT AND RECOMMENDATION</u> |

{¶1} This matter is before me for a report and recommendation. R.C.2743.75(F). I recommend that the court (1) grant respondent's motion to dismiss, and (2) order requester to bear the costs of this case.

### I.  Background

#### A.  The public records request

{¶2} In February 2012, grand jury subpoena number 813653 was filed in the Cuyahoga County Court of Common Pleas. *Am. Complaint, filed Dec. 22 2025*, p. 2; *Resp. Evidence, filed Feb. 26, 2026*, p. 4 ¶ 4. Requester Angelique Bankston alleges that, beginning in 2017, she made several public records requests to Respondent Cuyahoga County Prosecutor's Office for "administrative and investigative public records" related to that subpoena. *Am. Complaint*, p. 3-4. The Prosecutor argues that it responded to these public records requests, informing Requester that it did not have any responsive records. *See Resp. Motion to Dismiss, filed Mar. 6, 2026*, p. 5-6; *see also Resp. Ev.*, *filed Feb. 26, 2026*.

#### B.  Procedural history

{¶3} This matter was referred to mediation. Mediation did not resolve the case, and a schedule was set for both parties to file evidence and memoranda supporting their positions. That schedule has run its course, making this case ripe for decision. *Order Terminating Mediation, entered Feb. 11, 2026*.

II.      Analysis

### A. Requester has not complied with R.C. 149.43(C) and is therefore not entitled to public records relief.

{¶4} Effective April 9, 2025, the Public Records Act was amended to include new requirements for initiating a public records action in court. *See* 2024 Sub.H.B. No. 265; R.C. 149.43(C)(1), (2). Before filing a public records lawsuit, a person must first "serve pursuant to Rule 4 of the Ohio Rules of Civil Procedure a complaint, on a form prescribed by the clerk of the court of claims" on the public office. R.C. 149.43(C)(1). Next, the person must wait three business days before filing the complaint in court. R.C. 149.43(C)(1). Finally, the person is required to file with the court "a written affirmation" that confirms 1) the person "properly transmitted" the preliminary complaint to the public office, 2) the alleged public records violation has not been resolved, and 3) the preliminary complaint was transmitted at least three business days before filing in court. R.C. 149.43(C)(2).

{¶5} In this case, Requester filed the required affirmation with the complaint. *See Compl., filed Dec. 3, 2025*, p. 1. The Prosecutor, however, submits evidence that Requester did not substantively comply with the R.C. 149.43(C)(1) requirements. *Resp. Motion to Dismiss, filed Mar. 9, 2026*, p. 10-11; *Resp. Evidence, filed Feb. 26, 2026*, p. 7 ¶ 9-10. Requester does not dispute this evidence.

{¶6} Accordingly, Requester did not serve her preliminary complaint as required by R.C. 149.43(C)(1). "R.C. 149.43(C)(1) requires the preliminary complaint to be served pursuant to Civ.R. 4. Service under Civ.R. 4 may be achieved through the methods set forth in Civ.R. 4.1 et seq." *State ex rel. Claypool v. Cty. of Geauga*, 2025-Ohio-5863, ¶ 13 (11th Dist.); *see also* S*tate ex rel. Ames v. Concord Twp. Bd. of Trustees*, 2026-Ohio-107, ¶ 39 (11th Dist.). Requester therefore also did not "properly transmit[]" the preliminary complaint to the Prosecutor and could not affirm as much. *Claypool*, 2025-Ohio-5863, ¶ 16.

{¶7} I recommend that the court grant the Prosecutor's motion and dismiss Requester's complaint pursuant to R.C. 149.43(C).

### B. Costs.

{¶8} Revised Code 2743.75(F)(3)(b) provides that the court shall award a requester their filing fee and "any other costs associated with the action" if it finds a

violation of the Public Records Act. Because I do not find a violation of the Public Records Act, I recommend that Requester bear the costs of this case.

### III.    Conclusion

{¶9} Based on the above considerations, I recommend that the court:

1) Grant respondent's motion to dismiss; and

2) Order requester to bear the costs of this case.

{¶10} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation.  Any objection shall be specific and state with particularity all grounds for the objection.  A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

_____
SARAH PIERCE
Special Master

**Filed March 25, 2026**
**Sent to S.C. Reporter 4/13/26**