**[Cite as *Clyde v. Mantua*, 2026-Ohio-1316.]**

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| NATHAN CLYDE | Case No. 2025-00938PQ |
| Requester | Special Master Sarah Pierce |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| VILLAGE OF MANTUA | |
| Respondent | |

{¶1} This matter is before me for a report and recommendation. R.C.2743.75(F). I recommend that the court (1) dismiss requester's complaint pursuant to R.C. 149.43(C), (2) deny respondent's motion to dismiss for want of prosecution and related sanctions, (3) deny respondent's motion to strike, (4) deny as moot respondent's motion for summary judgment, (5) deny respondent's motion for an award of attorney fees, costs, and expenses, and (6) order requester to bear the costs of this case.

### I. Background

#### A. The public records request

{¶2} On October 27, 2025, Requester Nathan Clyde submitted the public records request at issue to Respondent Village of Mantua. *Complaint, filed Nov. 11, 2025*, p.1. The request asked for:

> [C]opies of all records created or used by members of the Village Council in preparation for or during the disciplinary hearing of Police Chief Joseph Urso. Specifically, this request includes but is not limited to: 1. The 3x5 question cards distributed by Council President Steve Thorn prior to the hearing, containing questions drafted by council members; 2. Any copies or versions of those questions that were reviewed, edited, or "vetted" by Solicitor Bill Mason; 3. Any notes, annotations, or written materials collected or retained by the Council President, Solicitor, or Clerk pertaining to these question cards; 4. Any handwritten or typed notes taken by council

members during the proceedings, including personal or informal notes that document council business, deliberations, or the questioning process.

*Compl.*, p. 6; *Req. Evidence, filed Feb. 27, 2026*, p. 5; *Resp. Evidence, filed Feb. 27, 2026*, p. 4 ¶ 14.

{¶3} On October 29, 2025, the Village responded that the record responsive to requests 1 and 4 is "a transitory note and not a public record," and that no records responsive to requests 2 and 3 exist. *Compl.*, p. 5; *Req. Ev.,* p. 10; *Resp. Ev.*, p. 12 ¶ 19.

### B. Procedural history

{¶4} This matter was referred to mediation. Mediation did not resolve the case, and a schedule was set for both parties to file evidence and memoranda supporting their positions. *Order Terminating Mediation, entered Feb. 12, 2026*.

{¶5} After that order was issued, the parties filed several motions and responses that were not authorized by the February 12, 2026, order. I therefore issued a second scheduling order to clarify the parties' opportunity to submit argument and slightly enlarge the filing deadlines. *See Order, entered Mar. 4, 2026*. That schedule has run its course, making this case ripe for decision.

## II. Analysis

### A. Requester's complaint should be dismissed pursuant to R.C. 149.43(C).

{¶6} Effective April 9, 2025, the Public Records Act was amended to include new requirements for initiating a public records action in court. *See* 2024 Sub.H.B. No. 265; R.C. 149.43(C)(1), (2). Before filing a public records lawsuit, a person must first "serve pursuant to Rule 4 of the Ohio Rules of Civil Procedure a complaint, on a form prescribed by the clerk of the court of claims" on the public office. R.C. 149.43(C)(1). Next, the person must wait three business days before filing the complaint in court. R.C. 149.43(C)(1). Finally, the person is required to file with the court "a written affirmation" that confirms 1) the person "properly transmitted" the preliminary complaint to the public office, 2) the alleged public records violation has not been resolved, and 3) the preliminary complaint was transmitted at least three business days before filing in court. R.C. 149.43(C)(2).

{¶7} In this case, Requester filed the required affirmation with his complaint. *See Compl.*, p. 1. The Village has submitted evidence, however, that Requester failed to

substantively comply with the R.C. 149.43(C)(1) requirements. *Resp. Ev.*, p. 12 ¶ 21; *Resp. Response to Complaint, filed Mar. 16, 2026*, p. 6. From the record, it appears that Requester emailed a complaint form to the Village on November 3, 2025. *Resp. Ev.*, p. 12 ¶ 21. Requester did not transmit the preliminary complaint at any other time or in any other manner. *Id.* Requester does not rebut this evidence. *See Req. Reply, filed Mar. 24, 2026*, p. 5.

{¶8} Accordingly, Requester did not serve his preliminary complaint as required by R.C. 149.43(C)(1). "R.C. 149.43(C)(1) requires the preliminary complaint to be served pursuant to Civ.R. 4. Service under Civ.R. 4 may be achieved through the methods set forth in Civ.R. 4.1 et seq." *State ex rel. Claypool v. Cty. of Geauga*, 2025-Ohio-5863, ¶ 13 (11th Dist.). Transmission by email is not contemplated by these rules. *State ex rel. Ames v. Concord Twp. Bd. of Trustees*, 2026-Ohio-107, ¶ 34-35 (11th Dist.). Requester therefore also did not "properly transmit[]" his preliminary complaint to the Village and could not affirm as much. *Claypool*, 2025-Ohio-5863, ¶ 16.

{¶9} I therefore recommend that the court dismiss Requester's complaint pursuant to R.C. 149.43(C)(2).

### B. The Village's motion to strike should be denied.

{¶10} The Village moves to strike Requester's evidence filed on February 27, 2026. *Resp. Consolidated Motion, filed Mar. 16, 2026,* p. 1, 12. The Village argues that this evidence is not authenticated by an affidavit or other means, and that the evidence was not served in compliance with Civil Rule 5. *Id.*, p. 9.

{¶11} Deciding a motion to strike evidentiary matter is within a court's broad discretion. *Whitt v. Wolfinger*, 2015-Ohio-2726, ¶ 13 (4th Dist.). The Village is correct that service via the court's electronic filing system is not proper under Civil Rule 5 and this court's local rules. Still, I note that the Village had actual notice of the evidence filing by March 3, 2026, when it filed its first motion to strike. *See Resp. Motion, filed Mar. 3, 2026*. I also note that the bulk of Requester's evidence consists of the public records request at issue and the related communications between the Requester and the Village. There is no dispute between the parties that these communications occurred. *See Resp. Ev.*, p. 4-13. In addition, Requester's lack of evidence regarding Civil Rule 4 transmission of the

preliminary complaint supports the Village's argument for dismissal pursuant to R.C. 149.43(C).

{¶12} In general, cases should be decided on their merits, not procedural deficiencies. *See De Hart v. Aetna Life Ins. Co.*, 69 Ohio St.2d 189, 192 (1982). Because the Village is not prejudiced by consideration of Requester's evidence filing, I recommend that the court deny the Village's motion to strike. Where I considered material from the Requester's evidence filing, it is noted in this report and recommendation.

### C. The Village's motion to dismiss for want of prosecution and motion for sanctions should be denied.

{¶13} The Village presents two additional motions in its consolidated filing. First, the Village moves to dismiss this action for want of prosecution and for related sanctions. *Resp. Consolidated Motion,* p. 11. The Village bases this motion on Requester's failure to attend two mediation conferences. *Id.* Second, the Village moves for sanctions against Requester for frivolously filing this case. *Id.*, p. 27-32. The Village urges sanctions because Requester "demanded non-records that do not exist" in his public records request and did not appear for mediation. *Id.*, p. 31.

{¶14} I recommend that the court deny both motions. First, the Village does not present sufficient grounds to support a finding of frivolous conduct. This special statutory process "offers a forum for those who are schooled in the law as well as those that are not." *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 12. Requester's claims are not inconsistent with law such that they are frivolous. Further, I do not agree that Requester's failure to appear at mediation sessions demonstrates bad faith or frivolous conduct. Requester informed the court that he was unable to meaningfully participate in a mediation conference because of a mental health condition related to his military service. *Req. Reply,* p. 5; *see also Req. Memo. Contra*, *filed Feb. 24, 2026*. Requester acknowledges that he should have notified the court of his need for accommodation. *Id.*[1] While this conduct caused the Village to appear for a mediation conference that did not proceed, I do not find that it rises to the level of sanctionable conduct within the meaning of Civil Rule 11, R.C. 2323.51, or Local Rule 22.

---

[1] The court's ADA notice is available online at https://ohiocourtofclaims.gov/about-us/.

{¶15} Second, this statutory process is intended to provide an expeditious and economical venue for resolution of public records disputes. R.C. 2743.75(A). On the grounds presented by the Village, conducting additional proceedings to further probe the claimed frivolous conduct or impose sanctions would frustrate this purpose. *See Resp. Consol. Motion*, p. 29-30.

{¶16} Finally, "courts must be very careful before imposing sanctions in a public-records case" because "[i]mposition by a court of Civ.R. 11 sanctions upon a public-records requester in the absence of clear evidence that he or she acted willfully and in bad faith has the potential to chill public-records requests and reduce the transparency of government." *Bardwell v. Cuyahoga Cty. Bd. of Commrs*., 2010-Ohio-5073, ¶ 11. I therefore recommend that the court deny the Village's motion to dismiss for want of prosecution and motion for sanctions.

### D. The Village's motion for summary judgment should be considered a response to the complaint and denied as moot.

{¶17} On March 16, 2026, the Village filed a consolidated motion that included a motion for summary judgment based on lack of subject matter jurisdiction, lack of personal jurisdiction, insufficient process, and failure to state a claim. *See Resp. Consol. Motion*, p. 1. A Civil Rule 56 motion for summary judgment is not contemplated by this special statutory proceeding. *See* R.C. 2743.75(E); *Order Terminating Mediation, entered Feb. 12, 2026; Order, entered Mar. 4, 2026*. As it relates to the merits of this public records dispute, the substance of the Village's motion for summary judgment is considered a response to the complaint by this report and recommendation. The Village's motion for summary judgment should therefore be denied as moot.

### E. Costs.

{¶18} Revised Code 2743.75(F)(3)(b) provides that the court shall award a requester their filing fee and "any other costs associated with the action" if it finds a violation of the Public Records Act. Because I do not find a violation of the Public Records Act, I recommend that the Requester bear the court costs in this case.

### III.    Conclusion

{¶19} Based on the above considerations, I recommend that the court:

1)      Dismiss requester's complaint pursuant to R.C. 149.43(C);

2)      Deny respondent's motion to dismiss for want of prosecution and related sanctions;

3)      Deny respondent's motion to strike;

4)      Deny as moot respondent's motion for summary judgment;

5)      Deny respondent's motion for an award of attorney fees, costs, and expenses; and

6)      Order requester to bear the costs of this case.

{¶20} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation.  Any objection shall be specific and state with particularity all grounds for the objection.  A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

 

 

 

_____

SARAH PIERCE
Special Master

**Filed March 31, 2026**
**Sent to S.C. Reporter 4/13/26**