[Cite as *Bankston v. Cuyahoga Cty. Prosecutor's Office*, 2026-Ohio-1718.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| ANGELIQUE BANKSTON | Case No. 2025-00983PQ |
| Requester | Judge Lisa L. Sadler |
| v. | <u>DECISION AND ENTRY</u> |
| CUYAHOGA COUNTY PROSECUTOR'S OFFICE | |
| Respondent | |

{¶1} Requester, a self-represented litigant, has filed written objections to a special master's report and recommendation in this public-records case. Respondent has not filed objections to the report and recommendation.

{¶2} Because requester failed to serve her written objections in the mandatory manner required by R.C. 2743.75(F)(2), requester's objections shall not be considered by the court. *See White v. Ross Corr. Inst.*, 2026-Ohio-1002, ¶ 28 (10th Dist.) (concluding that this court erred by considering objections that were not filed in the mandatory manner prescribed by R.C. 2743.75(F)(2)). Because, when the standard established in *White* at ¶ 27 is applied, there is no error of law or other defect evident on the face of the special master's report and recommendation, the report and recommendation shall be adopted. Consistent with the report and recommendation, requester's complaint shall be dismissed.

I. **Background and Relevant Procedural History**

{¶3} On December 3, 2025, pursuant to R.C. 2743.75(D), requester filed a complaint alleging a denial of access to public records in violation of R.C. 149.43(B). After the complaint was filed, the clerk appointed a special master. The special master referred the case to mediation and stayed filing deadlines. After mediation failed to resolve all disputed issues between the parties, the case was returned to the special master's docket

where a briefing schedule for the presentation of evidence and argument was issued by the special master.

{¶4} On March 9, 2026, pursuant to Civ.R. 12(B)(6) and R.C. 2743.75(E)(2), respondent, through counsel, moved to dismiss requester's complaint.  Requester opposed respondent's motion to dismiss.  On March 25, 2026, the special master issued a report and recommendation (R&R) wherein the special master determined that requester had not complied with R.C. 149.43(C) and, consequently, requester was not entitled to public-records relief.  (R&R, 2-3.)  The special master "recommend[s] that the court (1) grant respondent's motion to dismiss, and (2) order requester to bear the costs of this case."  (R&R, 1.)

{¶5} On April 2, 2026, requester filed written objections to the report and recommendation, as permitted by R.C. 2743.75(F)(2).   *See* R.C. 2743.75(F)(2).[1] According to a certificate of service accompanying the objections, requester certifies that a copy of the objections "was sent to counsel for Respondent on 04/02/2026 by email and by USPS mail."  Requester presents the following objections:

Objection No. 1 – Requester Substantially Complied with R.C. 149.43(C);

Objection No. 2 – Respondent Had Actual Notice and Fully Participated;

Objection No. 3 – The Report Relies on Procedural Grounds Without Reaching the Merits;

Objection No. 4 – Clarification of Service and Good Faith Efforts;

Objection No. 5 – [*State ex rel. Claypool v. Cty of Geauga*, 2025-Ohio-5863] Is Distinguishable; and

---

[1]     Pursuant to R.C. 2743.75(F)(2), either party "may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested."

The procedures established by the General Assembly in R.C. 2743.75(F)(2) apply to litigants represented by counsel and to litigants who are self-represented.  *See Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980) ("experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law"); *see also State ex rel. Neil v. French*, 2018-Ohio-2692, ¶ 10 (pro se litigants are required to follow the same procedures as litigants represented by counsel).

Objection No. 6 – Dismissal Is Not Warranted Under the Circumstances.

## II. Law and Analysis

{¶6} Through the enactment of R.C. 2743.75 the General Assembly created an alternative means to resolve public-records disputes. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 11. *See* R.C. 2743.75(A). Notably, in *White v. Ross Corr. Inst.,* 2026-Ohio-1002, ¶ 27-28, (10th Dist.), the court of appeals found that this court exceeded its statutory role under R.C. 2743.75 by independently reviewing submitted evidence, because respondent's objections to a special master's report and recommendation were not served by certified mail, return receipt requested, as mandatorily required by R.C. 2743.75(F)(2). In *White* at ¶ 28, the court of appeals explained:

> Because the language requiring service of objections to a special master's report and recommendation "by certified mail, return receipted requested" is mandatory under R.C. 2743.75(F)(2), we find the trial court erred in considering [respondent-appellee's] objections and issuing an order that exceeded its statutory role in determining whether "there is an error of law or other defect evident **on the face** of the report and recommendation." (Emphasis added.) R.C. 2743.75(F)(2).

And in *White* at ¶ 27, in addition to making a finding about the timeliness of objections in that case, the court of appeals established the standard of review that should be applied by this court in the absence of objections that are properly before the court. In *White* at ¶ 27, the court of appeals stated:

> [W]e find neither party timely lodged objections to the special master's July 22, 2025 report and recommendation in the manner prescribed by R.C. 2743.75(F)(2). In the absence of objections properly before the court, the trial court was required to "adopt[] the report and recommendation, unless it determines that there is an error of law or other defect evident **on the face** of the report and recommendation." (Emphasis added.) R.C. 2743.75(F)(2).

{¶7} Here, according to the certificate of service accompanying requester's objections, requester's objections were served by "email" and "USPS [United States Postal Service] mail." Service by email is not service by certified mail, return receipt

requested. And service by "USPS mail" is not equivalent to service by certified mail, return receipt requested, as mandatorily required by R.C. 2743.75(F)(2). *See White* at ¶ 28. *See also Kish v. City of Akron*, 2006-Ohio-1244, ¶ 44 (the General Assembly is the ultimate arbiter of policy considerations relevant to Ohio public-records laws).

{¶8} Upon independent and careful review, and applying the reasoning of *White* at ¶ 27-28, the court finds that requester has not lodged timely objections to the special master's report and recommendation in the manner prescribed by R.C. 2743.75(F)(2).[2] Because requester's objections have not been served in the mandatory manner required by R.C. 2743.75(F)(2), requester's objections shall not be considered by the court. *See White* ¶ 28 ("[b]ecause the language requiring service of objections to a special master's report and recommendation 'by certified mail, return receipted requested' is mandatory under R.C. 2743.75(F)(2), we find the trial court erred in considering [respondent-appellee's] objections"). If the court were to consider requester's objections, then the court would run afoul of *White* and the court would exceed its statutory role. *See White* at ¶ 28.

{¶9} On the authority of *White*, and in accordance with R.C. 2743.75(F)(2), the court further finds that there is no error of law or other defect evident on the face of the special master's report and recommendation issued on March 25, 2026. The court ADOPTS the special master's report and recommendation issued on March 25, 2026. In accordance with the special master's recommendations, the court GRANTS respondent's motion to dismiss filed on March 9, 2026, and the court assesses court costs against requester. Requester's complaint is DISMISSED. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

LISA L. SADLER
Judge

---

[2] *See Morris v. City of Cleveland*, Ct. of Cl. No. 2025-00959PQ (March 31, 2026) (following *White*); *Bernadine K. Kent v Ohio Dept. of Edn. and Workforce*, Ct. of Cl. No. 2025-00977PQ (April 2, 2026) (following *White*).

**Filed April 8, 2026**
**Sent to S.C. Reporter 5/11/26**