[Cite as *Gardner v. Mantua*, 2026-Ohio-1716.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| SCOTT P. GARDNER | Case No. 2025-00937PQ |
| Requester | Judge Lisa L. Sadler |
| v. | <u>ENTRY</u> |
| VILLAGE OF MANTUA | |
| Respondent | |

{¶1} This matter is before the court on requester's (Gardner) and respondent's (the Village) objections to the special master's March 31, 2026, report and recommendation (R&R). In her R&R the special master recommended that the court: (1) dismiss Gardner's complaint pursuant to R.C. 149.43(C); (2) deny the Village's motions to strike and for related sanctions; (3) deny the Village's motion for summary judgment as moot; (4) deny the Village's motion for an award of attorney fees, costs, and expenses; and (5) order Gardner to bear the costs of the case. For the reasons below, the court OVERRULES Gardner's and the Village's objections and ADOPTS the R&R as its own.

**Background**

{¶2} On October 27, 2025, Gardner submitted a written public records request to the Village seeking records related to a disciplinary hearing held by the Village's council. Specifically, Gardner sought note cards containing questions, all handwritten or typed questions, and any copies of those note cards related to the hearing. On November 7, 2025, the Village denied Gardner's request, stating that the items Gardner requested were not public records because they were transitory or the requested records did not exist. Also on November 7, 2025, Gardner filed his complaint in this court.

{¶3} After mediation, the Village filed: (1) respondent's evidence, (2) a motion to strike requester's reply to respondent's evidence, (3) a response to the complaint, (4) a

motion for summary judgment and for an award of attorney fees, costs and expenses and for sanctions, and (5) a motion to strike requester's evidence.

{¶4} In her R&R the special master recommended that Gardner's complaint should be dismissed pursuant to R.C. 149.43(C). Further, the special master recommended that the Village's motions to strike, motion for summary judgment, and motion for sanctions should be denied.

**Gardner's Objections**

{¶5} Gardner timely filed five written objections to the R&R. First, Gardner argues that the special master erred in finding noncompliance with R.C. 149.43(C)(1) because the Village had actual notice of the dispute, participated in mediation, and fully litigated the matter. Second, Gardner contends that dismissal of his case based on a technical service issue undermines the purpose of this statutory process. Third, Gardner asserts that the special master erred in recommending dismissal instead of allowing him to cure the service issue. Fourth, Gardner argues that dismissal would waste judicial resources because he intends to promptly refile this case in compliance with R.C. 149.43(C)(1). Finally, Gardner states the special master erred in failing to address the merits of his claim based on the procedural issue.

{¶6} The Village timely filed a response to Gardner's objections. As to Gardner's first three objections, the Village argues that there is no dispute that Gardner failed to comply with R.C. 149.43(C)(1) and that actual notice does not cure this error. Further, the Village argues that the consequence of failing to comply with R.C. 149.43(C)(1) is clearly dismissal of the complaint. As to Gardner's fourth and fifth objections, the Village argues that the R.C. 149.43(C)(1) requirement is a jurisdictional requirement and therefore, the special master did not err in recommending dismissal.

**Dismissal for Non-compliance with R.C. 149.43(C)**

{¶7} All of Gardner's objections are based on the special master's recommendation to dismiss Gardner's complaint pursuant to R.C. 149.43(C).

{¶8} Effective April 9, 2025, the Public Records Act was amended to include new requirements for requesters filing public records complaints in this court. *See* 2024 Sub.H.B. 265; R.C. 149.43(C)(1)-(2). Specifically, prior to filing a complaint a requester must first "serve pursuant to Rule 4 of the Ohio Rules of Civil Procedure a complaint, on a form prescribed by the clerk of the court of claims, to the public office . . . allegedly responsible for the alleged failure." R.C. 149.43(C)(1). Next, the requester must allow the public office "three business days to cure or otherwise address the failure alleged in the complaint" and "shall not file a complaint with a court . . . within the three-day period." *Id.* Finally, the requester is required to file a written affirmation with the complaint that: (1) the requester properly transmitted the complaint to the public office; (2) the failure alleged in the complaint has not been cured; and (3) the complaint was transmitted to the public office at least three business days prior to filing the complaint. R.C. 149.43(C)(2).

{¶9} R.C 149.43(C)(2) states that if a requester "fails to file an affirmation pursuant to this division, the suit **shall** be dismissed." (emphasis added). *See State ex rel. Ames v. W. Geauga Local School Dist. Bd. of Edn.*, 2025-Ohio-5179, ¶ 6 (11th Dist.) (where a requester failed to wait three business days, the complaint was dismissed pursuant to R.C. 149.43(C)(1)); *State ex rel. Jordan v. Akron Police Dept.*, 2025-Ohio-4452 (9th Dist.). At least one other Ohio court found that where a requester files a written affirmation pursuant to R.C. 149.43(C)(2), but the evidence shows that the requester did not actually comply with R.C. 149.43(C)(1), dismissal of the complaint is required. *State ex rel. Claypool v. Cty. of Geauga*, 2025-Ohio-5863, ¶ 16 (11th Dist.) (requester affirmed that he served a preliminary complaint however, evidence showed that he used an improper service method, therefore the affirmation was defective and dismissal was required). This court has also dismissed complaints on these grounds. *See Dyer v. Great Parks of Hamilton Cty.*, Ct. of Cl. No. 2025-00840PQ, Rept. and Recomm. (Feb. 2, 2026), adopted (Feb. 20, 2026) (where requester filed an affirmation but evidence showed that he did not serve his complaint as required, this court dismissed his claim).

{¶10} As to Gardner's public records request, the Village gave him a final denial on November 7, 2025. Gardner also filed his complaint in this court on that day. The Village asserts that it did not receive a copy of the complaint prior to its filing in this court.

Gardner, even in his objections, does not argue that he served the complaint on the Village pursuant to R.C. 149.43(C)(1), only that the Village had actual notice of the dispute. Therefore, the court finds that the special master correctly determined that while Gardner filed an affirmation that he complied with R.C. 149.43(C)(2), he did not actually comply because he did not serve the Village with a copy of the complaint three business days prior to filing his complaint in this court and therefore, his affirmation was ineffective. Further, the court finds that the special master properly recommended dismissal pursuant to R.C. 149.43(C)(2).

{¶11} Gardner argues that dismissal of his claim would frustrate the purpose of the Public Records Act. The court finds this argument lacking. The Supreme Court of Ohio has noted that the General Assembly is the ultimate arbiter of policy considerations relevant to Ohio public-records laws *See Kish v. City of Akron*, 2006-Ohio-1244, ¶ 44. The General Assembly amended the Public Records Act to require courts to dismiss a public records complaint if a requester does not comply with R.C. 149.43(C)(1). The General Assembly did not include a provision to allow a requester to cure any error in this compliance. Accordingly, the court OVERRULES Gardner's objections.

**The Village's Objections**

{¶12} The Village timely filed three written objections.[1] First, the Village argues that the special master erroneously recommended that Gardner should receive "special treatment" as a pro se litigant when she recommended that sanctions should be denied. Second, the Village argues that the special master erred in recommending that its motions to strike be denied. Third, the Village asserts that the special master erred in recommending that its motion for cost-shifting be denied because Gardner's complaint was frivolous. Gardner did not file a response to the Village's objections.

*The Village's First Objection*

---

[1] In the introduction to its objections, the Village asserts that Gardner's complaint should be dismissed on the merits however, this is not the basis of any of its objections and is not discussed further, therefore, the court finds only three specific objections.

{¶13} The Village argues that the special master recommends special treatment because Gardner is a pro se litigant.  Specifically, the Village states that the court must reject the recommendations: that "excuse Gardner from complying with the mandatory conditions precedent of the safe-harbor process set forth in R.C. 149.43(C)"; and that "Gardner is excused from submitting admissible evidence, initiating a frivolous R.C. 149.43 action, and prosecuting a frivolous R.C. 149.43 action." *The Village's Objections*, p. 4.  The Village asserts that the special master recommends special treatment of Gardner as a pro se litigant because she recommended that sanctions should be denied. This argument is not well taken.

{¶14} The Village argues that sanctions are appropriate because Gardner acted frivolously when he filed a complaint without conforming to R.C. 149.43(C) and requested documents that it claims are non-records or do not exist.  For the court to impose sanctions on these grounds would frustrate the purpose of the Public Records Act. Pursuant to R.C. 2743.75(A) this process is intended to be an expeditious and economical venue for public records disputes.  Further, the Supreme Court of Ohio has cautioned that "courts must be very careful before imposing sanctions in a public-records case" because imposition for sanctions "upon a public-records requester in the absence of clear evidence that he or she acted willfully and in bad faith has the potential to chill public-records requests and reduce the transparency of government." *State ex rel. Bardwell v. Cuyahoga Cty. Bd. of Commrs.*, 2010-Ohio-5073, ¶ 11.  The court finds that the special master did not err in recommending that the Village's motion for sanctions be denied because there is no evidence that Gardner acted willfully or in bad faith in requesting the documents he requested or in filing this complaint.  Therefore, the court OVERRULES the Village's first objection.

**The Village's Second Objection**

{¶15} The Village filed motions to strike Gardner's reply to the Village's evidence and Gardner's evidence.  The special master recommended that these motions be denied because neither the motions nor Gardner's reply was ordered by the special master.  R.C. 2743.75(E)(2) states that other than a response to the complaint and a motion to dismiss,

"no further motions of pleadings shall be accepted" by the court "unless the special master directs in writing that a further motion or pleading be filed." Here, a check of the docket reveals that the special master did not direct the Village to file motions to strike. Therefore, the court finds that the special master properly recommended that the motions to strike be denied. Accordingly, the Village's second objection is OVERRULED.

***The Village's Third Objection***

{¶16} The Village asserts that the special master erred in recommending against an award of attorney fees and costs to the Village. The Village states that nothing in R.C. 2743.75 exempts this court from awarding attorney fees under R.C. 149.43(C)(6). The court rejects this argument.

{¶17} R.C. 149.43(C)(1) prescribes two avenues for a requester to choose from. First, R.C. 149.43(C)(1)(a) states that the requester may file a complaint in this court under R.C. 2743.75. Second, under R.C. 149.43(C)(1)(b), a requester may commence a mandamus action in the appropriate court of common pleas. The Village attempts to recover its attorney fees under R.C. 149.43(C)(6) which states "[i]f the court does not issue a writ of mandamus . . . and the court determines at that time that the bringing of the mandamus action was frivolous conduct . . . the court may award to the public office all court costs, expenses, and reasonable attorney's fees, as determined by the court." Here, the requester chose to bring his claim in the court of claims, not as a mandamus action, therefore, the court finds that R.C. 149.43(C)(6) does not apply. *Compare to* R.C. 149.43(C)(2) (which states "[u]pon filing a complaint or mandamus action" making the section applicable to both avenues.) Accordingly, the court finds that the special master did not err in recommending against an award of fees and costs to the Village and OVERRULES the Village's third objection.

**Conclusion**

{¶18} For the reasons set forth above, the court OVERRULES Gardner's and the Village's objections. The court ADOPTS the R&R as its own. Therefore, the court: (1) dismisses Gardner's complaint pursuant to R.C. 149.43(C); (2) denies the Village's

motions to strike and for related sanctions; (3) denies the Village's motion for summary judgment as moot; and (4) denies the Village's motion for an award of attorney fees, costs, and expenses. Court costs are assessed against Gardner. The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____

LISA L. SADLER
Judge

**Filed April 28, 2026**
  **Sent to S.C. Reporter 5/11/26**